There is no such error presented as requires, or would justify, the reversal of the judgment of the court below, and its judgment is affirmed.

AFFIRMED.

[Opinion delivered October 19, 1883.]

---

## KAUFMAN & RUNGE v. JAMES WICKS.

(Case No. 1666.)

1. DAMAGES — PLEADING — VERDICT.— When damages are claimed for wrongfully suing out a writ of attachment and for using the writ maliciously, the two elements of damage should be separately pleaded, and the jury should be required, under appropriate instructions, to discriminate by their verdict between the actual and exemplary damages found, if any. The pleader who neglects thus to plead should not be permitted to obtain benefit from a general verdict which fails to discriminate between the two elements of damage.

2. DAMAGES — ATTACHMENT.—A jury cannot infer malice in an attaching creditor, who honestly believes that the defendant is indebted to him and who has a reasonable and probable cause for so believing, simply from the fact that no debt did in fact exist. If there was probable cause for suing out the writ, actual damage only can be recovered.

3. SAME.— While malice may be implied from the want of probable cause, it cannot be implied where probable cause exists. If the circumstances are such as to induce a reasonably prudent person to believe that a debtor is about to so dispose of his property as to defraud his creditors, malice cannot be implied against the creditor in attachment.

4. SAME — PROBABLE CAUSE.— Probable cause is a mixed question of law and fact, and should be submitted to the jury under appropriate instructions.

5. SAME — FACT CASE.— See opinion for facts held insufficient to sustain a verdict for exemplary damages for maliciously suing out an attachment.

APPEAL from Robertson. Tried below before the Hon. W. E. Collard.

Kaufman & Runge, in September, 1876, brought suit against James Wicks, a merchant of Rockdale, to recover $1,690.32, with interest from the 24th of January, 1876, the balance claimed to be due on a mercantile account for moneys advanced and goods sold Wicks during the cotton seasons of 1875 and 1876, after crediting his account with the proceeds of one hundred and seventy-two bales of cotton shipped to them by Wicks and sold for his account. Appellee set up that plaintiffs' account was unjust; that he had shipped them a large number of bales of cotton, with instruction to sell on

arrival, and that, in violation of his instructions, they had held the cotton, whereby loss was sustained; that they had failed to account for four bales of cotton shipped by him and received by them for his account, of the value of $200, and defendant prayed judgment over against the plaintiffs, on his plea in reconvention. The 27th of March, 1877, appellee's store house and goods were destroyed by fire, upon which he held a policy of insurance in the Teutonia Insurance Company, of New Orleans, and the loss was adjusted at $4,500. The 31st of March, 1877, Kaufman & Runge instituted an attachment suit in New Orleans against appellee, upon the same account sued on in Milam county, but claimed $2,200 as the amount due them; and by garnishment process tied up the $4,500 insurance money in the hands of the Teutonia Company. On the 23d of April, 1877, Wicks filed an amended plea in reconvention, setting up plaintiffs' attachment suit in Louisiana, alleging the same to have been wrongful and malicious and for a greater amount than was due, or claimed to be due, in the suit in Milam county, resulting in damages to defendant's business, credit and standing as a merchant $20,000, and loss of profits $20,000. On the 17th of December, 1878, defendant amended his plea in reconvention, alleging that plaintiffs had, since the institution of attachment proceedings, wrongfully collected and appropriated to their own use, of defendant's moneys, the sum of $1,690.32, and further sums by way of costs amounting to $1,879.41. The venue was changed to Robertson county on plaintiffs' application. Plaintiffs having recovered judgment in Louisiana for $1,690.32 and collected it, dismissed their suit in Robertson county without prejudice to defendant under his pleas in reconvention. Defendant recovered judgment against plaintiffs for $3,500.

Appellants' main objection to the judgment was that the verdict was not supported by the evidence, and was clearly wrong.

*Robert G. Street*, for appellants, that the verdict was palpably contrary to the evidence and clearly wrong, cited: Willis *v.* Lewis, 28 Tex., 191; Shropshire *v.* Doxey, 25 Tex., 128; H. & T. C. R. R. *v.* Knapp, 51 Tex., 577; Darcy & Wheeler *v.* Turner & Co., 46 Tex., 30.

On the proposition that it was error to submit to the jury the question of malice in suing out the attachment in Louisiana, there being no evidence, and also error to overrule appellants' motion to strike out all evidence of injury to feelings, reputation, etc., he cited: Austin *v.* Talk, 20 Tex., 164; Andrews *v.* Smithwick, 20 Tex., 118; Yarborough *v.* Tate, 14 Tex., 483; Earle *v.* Thomas, 14

Tex., 583; Hollingsworth v. Holshousen, 17 Tex., 47; Cravens v. Wilson, 48 Tex., 324; Hutchins v. Masterson, 46 Tex., 551.

That the jury should have distinguished in their verdict between the actual and the exemplary damages found, he cited: Wallace v. Finberg, 46 Tex., 35; Harris v. Finberg, 46 Tex., 87.[1]

*Davis, Bell & Kemp* and *W. A. Hamman*, for appellee, on the proposition that the evidence authorized the verdict, cited: Monroe v. Watson, 17 Tex., 625; H. & T. C. R'y Co. v. Gorbett, 49 Tex., 581; Wiley v. Traiwick, 14 Tex., 662; Long v. Steiger, 8 Tex., 462; Anderson v. Anderson, 23 Tex., 641; Gilkey v. Peeler, 22 Tex., 669.

That it was proper to submit the question of malice to the jury, they cited: Wiley v. Traiwick, 14 Tex., 662; Culbertson v. Cabeen *et al.*, 29 Tex., 247; Clardy v. Callicoate, 24 Tex., 170.

That the evidence sustained the charge of malice, they cited: Latham v. Selkirk, 11 Tex., 321; Russell v. Mason, 8 Tex., 226; Mitchell v. Matson, 7 Tex., 4.

That the failure to discriminate in the verdict was not cause for reversal, because no exception was taken on that account, and no charge asked, they cited: 57 Tex., 124, and Wallace v. Finberg, 46 Tex., 49

WATTS, J. COM. APP.— According to the case made by the averments of the answer or cross-bill of appellee, damage for wrongfully suing out the attachment in Louisiana, as well as the malicious resort to that process, were combined in the same count.

The claim for damage for the wrongful use of the process, and that for the malicious use of the same, are not distinguished one from the other by the averments of the answer. But it is therein claimed that the writ was wrongfully and maliciously sued out, and that appellee was thereby damaged to the amount named; and the case was in the same manner submitted by the court to the jury. A general verdict was returned, in terms as follows: "We, the jury, find for the defendant Wicks damages in amount of thirty-five hundred dollars."

In this character of cases it has been frequently remarked by the appellate courts of the state that the two elements of damage ought to be separately presented by the pleadings, that is, each presented in a separate count; and that the jury should be required to specify in the verdict the amount of actual damage and the

---

[1] It is regretted by the reporter that the terse and able brief of counsel for appellants in this case cannot be more fully noticed.

amount of exemplary damage found. When that is not done, the appellate courts are often embarrassed, and encounter serious difficulties in reviewing the cause upon appeal, while the trial courts are beset with like difficulties in passing upon motions for new trial. And it is not amiss to remark that the litigant who thus confuses his case ought not to be permitted to secure any advantage from such course.

An examination of the answer in this case, however, discloses the fact that the actual damage recoverable under the same is much less than the amount found by the verdict. It may therefore be assumed that a portion of the amount found is for exemplary damage, which could only exist where the writ was maliciously sued out.

The main objection urged against the judgment is that the verdict is not supported by the evidence.

Appellee claims that the writ was wrongfully sued out, upon the sole ground that he did not then owe appellants the debt asserted as a basis for the writ. There is no pretense but that if there had been a subsisting debt, the laws of Louisiana authorized a resort to the writ, as appellee was a non-resident of that state. It is also claimed that, from the fact that no debt existed, the jury would be authorized to infer malice.

Hence the first point of inquiry is, does the evidence clearly show that appellants had a subsisting debt against appellee as claimed in that case? For if there was no debt as a foundation for the writ, then it matters not how firmly appellants, at the time, might have believed that it did exist, the resort to the writ would nevertheless have been wrongful. Culbertson v. Cabeen, 29 Tex., 255.

That question was submitted to the jury upon the evidence, and the finding negatives the existence of the debt.

In such case, to authorize the appellate court to grant relief, it must clearly appear from the record that the verdict is wrong. As that question is presented by the record, it is not essential to a disposition of this appeal that it should be now determined.

Upon the other branch of the question, that is, with respect to the exemplary damage, it is a well established rule that if appellants did honestly believe that the debt existed, and had reasonable and probable cause for that belief, the fact that it did not exist, unaided by other circumstances, would not authorize the jury to infer malice upon the part of the appellants. As has been said, if it were malicious and unfounded, but there was probable cause for suing out the writ, then actual damage only can be recovered. Walcott v. Hendrick, 6 Tex., 407; Culbertson v. Cabeen, supra, 256.

But as heretofore remarked, while malice may be implied from the want of probable cause, still malice cannot be implied if probable cause exists. To illustrate the idea, suppose a creditor should sue out an attachment against his debtor, upon the ground that the debtor was about to dispose of his property for the purpose of defrauding his creditors, when in fact there was no probable cause to induce that belief, if other circumstances did not exist which would repel the implication, the jury would be authorized in inferring malice. But on the other hand, if probable cause existed, that is, if the facts and circumstances were such as to induce a reasonably cautious person to believe that the debtor was about to so dispose of his property, malice could not be implied. And even in the absence of probable cause, the implication of malice might be repelled by facts and circumstances showing a fair and legitimate purpose of the creditor in the honest pursuit of what he believed to be a just claim. Wiley v. Traiwick, 14 Tex., 662.

Probable cause is a mixed question of law and fact, and should be submitted to the jury under appropriate instructions. ·

In this case the only ground appellee relied upon to show that there was no debt, and hence no probable cause, was that he had instructed the appellants to sell his cotton, which instructions they had disregarded, and held his cotton until the market had so declined that the loss was equal in amount to the claim of appellants against him. It is conceded that appellee did, on the 8th of January, 1876, instruct them to sell his cotton about the 20th of that month, but on the 15th of the month he wrote them, as the market had declined, not to sell, etc. On the 18th of March, 1876, appellants advised a sale, to which he replied on the 22d of March, indicating a desire for them not to sell; to which appellants answered, March 30th, that they would comply with his instructions and hold the cotton. Appellee, however, claims that about the last of March, in the town of Rockdale, he told Moeller, an agent of appellants, that he wanted the cotton sold, but was not certain as to the date. This date, however, was very clearly and satisfactorily fixed by Moeller as the 16th day of March, 1876. Appellee claims that he wrote another letter some time in April, but does not give the contents, or state that he therein directed them to sell.

There is no controversy but that if appellants held the cotton under instructions to that effect, the claim sued on in this cause was a just debt, except for the value of four bales of cotton about which there is some controversy.

Under the facts and circumstances as disclosed by the record, that

appellants had probable cause for believing that their claim was a just debt against appellee at the time the suit was commenced, etc., in Louisiana, is, it seems to us, much too clear for controversy. They had previously brought suit to recover it in the district court of Milam county, pending which appellee's merchandise was destroyed by fire, and learning of the insurance money to be paid to him in New Orleans, appellants then sought the writ, and by its aid secured the amount which they claimed to be due them.

We have searched the record in vain to find a single circumstance which would in the slightest degree indicate that the resort to the writ, by the appellants, was not an honest effort to secure what they believed to be a just claim.

Our conclusion is that the verdict is not sustained by the evidence, and that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.