| 69 | 735 |
| 76 | 134 |

No. 2258.

## William H. Boyd et al. v. G. W. Bell et al.

1. Principal and Surety—Administration.—Since the adoption of the Revised Statutes the common law must be looked to in ascertaining the liability of the personal representation of a deceased joint obligor; at common law he is discharged, and if he be a surety his estate can not be liable for the debt. If, however, the surety participates in the consideration for which the joint obligation was made, his estate is liable. If the consideration for which the joint obligation was given was the discharge of a prior obligation on which the surety was liable, such discharge would be sufficient to render the estate of the surety liable.

APPEAL from Goliad.   Tried below before the Hon. H. Clay Pleasants.

*Daniel D. Claiborne*, for appellants.

*S. F. Gaines* and *Stayton & Kleberg*, for appellees: When a surety on a joint obligation dies, there is no remedy at law on the obligation against his estate, and in the absence of fraud or mistake equity will not charge his estate.   (Glasscock et al v. Hamilton, 62 Texas, 143; Pickersgill v. Lahens, 15 Wall., 143; Story's Equity Jurisprudence, secs. 162, 163, 164.)

COLLARD, JUDGE.   Boyd & Boyd, plaintiffs below, and one Sibley, were bankers in Goliad; George W. Bell, as sheriff, and as such collector of taxes in Goliad county, deposited the taxes as he collected them with their bank.   On July 2, 1882, he found he was in arrears with the State on his tax account; to cover the deficit he borrowed a sum from the bank and gave them a joint and several note of himself and C. Von Dohlen, W. C. Riggs and C. H. Baker, for eight hundred and fifty dollars.   Sibley drew out of the bank, leaving Boyd & Boyd the only members of the firm, who, by the terms of dissolution, became the owners of the note.   Bell continued to deposit tax money with the bank, and on April 3, 1883, the note being past due, and Bell's deposit being sufficient to liquidate it, the bank charged the note to the deposit, stamped the note paid, and mailed it to Bell, who promply returned it, refusing to allow it paid out of his tax deposit, and demanded that the money be placed to his credit, as it was before.   The bank refused to make the correction, but kept the note, and so the matter stood until July 18, 1883, when Bell reappeared at the bank and demanded the money; the bank again refused to deliver the money, but proposed to lend Bell the money if he would give a good solvent note.   On the same day he tendered them the note for eight hundred and forty-three dollars and forty-one cents, due in six months, payable to the bank, signed by him and C. Von Dohlen— it appearing upon its face to be a joint note.   The interest on the first note had been paid, and the eight hundred and forty-three dollars and forty-one cents was the amount in dispute between the parties at the time the last note was executed.   C. Von Dohlen died in May, 1885, and his surviving wife, C. Von Dohlen, administered on the community estate.   The note of eight hun-

dred and forty-three dollars and forty-one cents, duly authenti-
cated as a claim against the estate was presented to her for al-
lowance and rejected. The plaintiffs, Boyd & Boyd, sued Bell
and the estate on the last note and afterwards amended their
pleadings, setting out all the foregoing facts, making Riggs &
Baker parties defendant, and submitting to the court the ques-
tion as to which note they were entitled to recover on. It was
alleged and proved that Bell was insolvent.

Riggs and Baker's general demurrer was sustained, the court
holding that the allegations of plaintiff's petition showed the
first note was discharged and paid. This ruling is assigned as
error. We think the ruling was correct. Plaintiffs could not,
without Bell's consent, apply to the first note money on deposit
known to be collections of taxes, but it is evident from the facts
that he afterward consented to the application without injury to
the State by accepting from them a loan of the amount upon
tendering them the last note, which they accepted. Plaintiffs
can not complain that the question was so settled at their own
instance. The first note, then, for eight hundred and fifty dol-
lars, signed by Riggs and Baker, was fully discharged.

The court at one stage of the proceedings overruled the excep-
tion of Mrs. Von Dohlen as to liability of the estate on the note
for eight hundred and forty-three dollars and forty-one cents;
but plaintiff having by amendment set up the whole transaction
asking for judgment on either one of the notes as the court
might see proper, she excepted to the suit on the note for eight
hundred and fifty dollars, because it had never been probated
and presented to her for allowance as a claim against the estate;
whereupon the court sustained her exceptions to the suit on the
note for eight hundred and forty-three dollars and forty-one
cents, and discharged the estate from all liability on the same.
Mrs. Von Dohlen had, however, filed a special plea (with the last
exception) setting up that the note for eight hundred and forty-
three dollars and forty-one cents was a joint obligation of Bell
and C. Von Dohlen, deceased, and that the latter was merely a
surety on the same. The averments of plaintiff's first amended
supplemental petition show that in fact Von Dohlen was only a
surety. There may have been a mistake in entering the orders
of the court upon the exceptions, or the court may have regarded
the plea as an exception, the facts stated being admitted in the
petition. Be that as it may, appellants assign as error the rul-
ing of the court in sustaining the exceptions of the administra-

trix to plaintiff's first amended supplemental petition and in discharging the estate from liability on the note of eight hundred and forty-three dollars and forty-one cents. The question is irregularly raised, but without fault of appellants, so far as we can see, and as it is directly involved in the case, we will dispose of it.

There was a law in Texas from 1840 down to the adoption of the Revised Statutes expressly holding estates liable upon a joint obligation of deceased with another. (Hart. Dig., sec. 635.) This statute was in force for forty years. It was omitted in the Revised Statutes because it had not been carried into Paschal's Digest. We are compelled then to look to the common law for the rule in such cases. "At common law it is the settled doctrine that in case of a joint obligation, if one of the obligors die his representative is at law discharged. And it seems to be equally well settled that if the joint obligor so dying be a surety, not liable for the debt, irrespective of the joint obligation, his estate is absolutely discharged." (2 Daniel on Negotiable Instruments, 314 and 315.) The same rule is laid down in Brandt on Suretyship, section 117, and in 3 Pomeroy's Equity, section 1302; Hudelson v. Armstrong, Supreme Court of Indiana, 1880, 10 Central Law Journal, page 89; 62 Texas, 150; 58 Id., 95; 57 Id., 353. Mr. Pomeroy says the principle as to joint obligors, "was a necessary conclusion drawn by processes of verbal logic from the intensely technical conception of a joint liability, or right at common law." Equity will, however, authorize a suit against the representative of a deceased obligor when both the parties received a part of the benefit of the contract, and when the surety participates in the consideration his estate may be sued after his death. (2 Daniel on Negotiable Instruments, section 1298; 3 Pomeroy's Equity, section 1302; note 2.) Especially is this true when the principal is insolvent, and there is no legal remedy. In the case before us the right of recovery survived against the estate of Von Dohlen because he was directly benefited by the new note. The first note was joint and several and he and his estate could have been compelled to pay the whole of it, and suit could have been maintained against him separately or jointly with the other joint and several obligors. The application of money collected by Bell for taxes to the first note did not take effect until the new arrangement was made and the last note was executed and delivered, by which the original obligation was discharged. Such a benefit would be a sufficient considera-

tion moving to Von Dohlen to hold his estate liable in equity for the debt after his death.

We therefore conclude that the court erred in sustaining the exceptions to plaintiff's suit against the estate, for which error the cause must be reversed and remanded.

*Reversed and remanded.*

Opinion delivered February 14, 1888.