## KAUFMAN & RUNGE v. W. L. ARMSTRONG.

### No. 6224.

1. **Evidence.**—In a suit for damages by a merchant alleged to have resulted from the procuring of an attachment on the ground that plaintiff was about to dispose of his property with intent to defraud his creditors, the plaintiff may show that all money that had been received by him in his business as a merchant had been used in discharging his indebtedness, except such as was necessary to support his family.

2. **Attachment—Insolvency—Evidence.**—Insolvency constitutes no ground for attachment, and it can not be shown in excuse or mitigation of the act of procuring an attachment.

3. **Evidence.**—In actions for wrongfully suing out and levying a writ of attachment, when no malice is alleged, evidence of a loss of credit and prospective profits is not admissible; but when the proceeding is alleged to have been malicious and exemplary damages are claimed such evidence is generally admissible.

4. **Same.**—In such actions the plaintiff may show his own acts prior to the application for attachment which tend to establish his intention to pay his debts, but his declaration of such intention is not admissible.

5. **Practice—Verdict—Damages.**—When on a trial before a jury the verdict for actual damages is for an amount in excess of any sum authorized by the evidence, and after remittitur for a portion of the damages awarded the evidence will not sustain a judgment for the remainder, the verdict should be set aside. See facts.

APPEAL from Llano. Tried below before Hon. A. W. Moursund.

This was an action brought by W. L. Armstrong against Kaufman & Runge for the recovery of two thousand dollars actual damages and eight thousand dollars punitory damages for the alleged unlawful and malicious suing out of a writ of attachment and the levy of the same upon a stock of goods alleged to have been the property of Armstrong.

There was a trial before a jury resulting in a verdict for plaintiff in the sum of two thousand dollars actual damages. Plaintiff entered a remittitur of two hundred and fifty dollars. Judgment was entered against appellants for the sum of seventeen hundred and fifty dollars. Facts relating to the issues involved are apparent from the opinion.

*R. H. Ward,* for appellants. — 1. The court erred in permitting the plaintiff to enter a remittitur; the verdict of the jury was excessive, and the error could not be cured by a remittitur.

2.   The court erred in rendering a judgment for $1750 when the verdict of the jury was for $2000.

No brief for appellee.

STAYTON, CHIEF JUSTICE.—The ground for suing out the attachment which is made the basis of this action for damages actual and exemplary was that appellee was about to dispose of his property with intent to defraud his creditors, and it is urged that the court below should not have admitted evidence which showed that appellee had used all money received in his business as a merchant, other than such as was necessary for the support of his family, in paying off indebtedness.

The admission of such evidence in such a case was proper.

Appellants proposed to prove by several witnesses that appellee was reputed to be insolvent at the time they caused his goods to be attached, but the court excluded the evidence, and in this there was no error.

The statute does not make insolvency, reputed or real, a ground for attachment, though it may be too true that creditors frequently act as though it was.   He that without legal cause sues out an attachment and under it has the property of his insolvent debtor seized violates the law and the right of such a debtor as grossly as though he were entirely solvent, and the fact of insolvency can not be shown in excuse or mitigation of his act.

In actions for wrongful but not maliciously suing out and levying of a writ of attachment evidence of loss of credit and prospective profits is not received, but when the action is based on the malicious prosecution of such an action and damages exemplary in character are sought such evidence is very generally received; and we are of the opinion that the court did not err in admitting evidence of that character under the pleadings in this cause.   If appellants desired to have the jury instructed that such evidence could not be looked to for the purpose of increasing the damages for a mere wrongful attachment they should have asked an instruction to that effect.

Actual transactions preceding the levy of the attachment complained of illustrative of appellee's good faith and intention to pay his creditors as rapidly as he could may have been admissible, but his mere declaration of such an intention ought not to have been received.

The charge of the court in which it undertook to explain the meaning of the words "about to dispose of his property with intent to defraud his creditors" may be subject to criticism, but looking to the entire charge on that subject it can not be believed that it was calculated to mislead, for it placed before the jury clearly the intent of appellee as well as his acts as matter to be looked to.

The charge referred to in the fifth assignment of error was refused on

the ground that it was substantially contained in the charge given without request, and an inspection of that charge shows that this was true. The same is true as to the charge referred to in the eleventh assignment of error.

The verdict of the jury was for $2000 actual damages under a charge which restricted the jury in their finding of such damages to the value of the goods seized, with 8 per cent interest thereon from seizure to day of trial.

Appellee's own testimony did not place the value of the goods at more than $1700, the sheriff's inventory and appraisement showed them of a slightly less value, while there were other estimates as low as $700, and at public sale they sold for only $425.

The goods were seized on October 1, 1885, and the judgment in this cause was rendered on June 1, 1886.

Appellee remitted $250, and judgment was rendered in his favor for $1750, which added to the sum for which the goods sold would give to him $2175.

It is urged that this is not a case in which an excessive verdict could be cured by remittitur, and it seems to us this is true.

There can be no doubt that the verdict was excessive, even if we look to the highest estimate put upon the value of the goods by any witness, while the evidence as to value was conflicting.

The parties had demanded a jury and thus withdrawn from the court the right to assess the damages, and there was no criterion found in the evidence or in the verdict whereby the court could assume that appellee was entitled to the sum awarded to him by the judgment.

In such a case we are of the opinion the verdict should have been set aside. Railway Co. v. Coon, 69 Texas, 735; Railway Co. v. Wilkes, 68, Texas, 622; Heidenheimer v. Schlett, 63 Texas, 395; Thomas v. Womack, 13 Texas, 583.

The goods seized under the attachment sued out by appellants were sold in foreclosure of the attachment lien and the proceeds amounting to $425 were applied in payment so far of the debt due by appellee.

This sum already received by appellee added to the sum in the court below adjudged to him gives to him a sum largely in excess of the sum the evidence most favorable to appellee would entitle him to.

For the errors noticed the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 17, 1889.