## GEORGE BELL ET AL. v. BOYD & BOYD.

### No. 2743.

1. **Case Adhered to.**—Boyd v. Bell, 69 Texas, 736, adhered to, this being a second appeal in same case.

2. **Rights of Cosureties.**—One of several sureties of an insolvent principal after maturity may discharge the obligation by his individual note, if it be taken by the creditor in payment. In such case the cosurety would be entitled to contribution from the other sureties.

3. **Same.**—Where an insolvent principal and one of several sureties executed their note instead of a former note, the surety upon such new note would not be entitled to contribution from the other sureties upon the old note for which the new note was executed.

4. **Conflict in Evidence.**—In conflict of evidence the finding of the court below will not be revised on appeal.

APPEAL from Goliad. Tried below before Hon. H. Clay Pleasants.

The report of the former appeal (69 Texas, 736) and the opinion here state the case.

*S. P. Grimes* and *A. B. Peticolas,* for appellants.—If the judgment of the court was correct, that the first note was paid by the execution of the second, then the logical and necessary result of this finding is that Von Dohlen is entitled to contribution from his cosureties on the first

note.    Dan. on Neg. Inst., secs. 1340, 1341; 1 Whart. on Ev., secs. 322, 326, note 5; 1 Pars. on Con., sec. 32; Anderson v. McDuffee, 5 N. H., 38.

No brief for appellees has reached the Reporter.

COLLARD, JUDGE.—When this case was before the court on a former appeal it was held "that plaintiffs could not, without Bell's consent, apply to the first note money on deposit known to be collections of taxes, but it is evident from the facts that he afterwards consented to the application, without injury to the State, by accepting from them a loan of the amount upon tendering them the last note, which they accepted. * * * The first note then, for $850, signed by Riggs and Baker, was fully discharged." The facts on the last trial, so far as plaintiff's evidence goes, supports the same conclusion, though there is quite a conflict in the testimony, and the court below so found. It is clear that the first note was not discharged until the last note was executed. The first note was joint and several, and it was held on the former appeal that because Von Dohlen's liability was several he was benefited by the change of his liability in the last note as a joint obligor with the principal, and that such benefit was a good consideration to him; so that the cause of action would survive after his death against his estate on the last note, notwithstanding it was only a joint note.    Boyd v. Bell, 69 Texas, 736.

From this it follows that plaintiffs could maintain their suit against the estate.    The facts of the case are not materially different from what they were alleged and proved to be on the former trial, and the former opinion upon the point then presented is the law of the case on these points, and we must still hold as before.    But it is now contended that the cosureties of Von Dohlen on the first note are liable to his estate for contribution, upon the ground that he discharged the first note.    There would be no difficulty in establishing by ample authority the proposition that is here announced, that if a cosurety pays off and extinguishes the original obligation by his individual note he would be entitled to contribution; but we are unable to find authority for holding that he would be so entitled where the original obligation is paid and discharged by a new note of the principal and one of the sureties.    White v. Colton, 52 Ind., 372; Rallston v. Wood, 15 Ia., 160; Anthan v. Perciful, 8 Ark., 3; Eng. Rep., 494; Stallworth v. Presler, 34 Ala., 509; and 9 Ala., 548.

The surety need not wait for suit, but may pay the debt as soon as he is obligated to do so.    He must be able to show, however, that the principal was insolvent at the time of payment.    Brandt on Sure., secs. 249, 254; Bayl. on Sure., secs. 372, 332.

Von Dohlen did not discharge the first note by his own negotiable note. The first contract was merely changed, the principal giving a new note with Von Dohlen as a joint obligor, though in fact a surety only.    Hence,

it can not be said that the surety paid the first note, and so the law allowing contribution does not apply.

. Plaintiffs' evidence shows that the change in the date on which the note was to become due was made at the instance of the parties bound by it before it was delivered; that Boyd, one of the plaintiffs, drew up the note and handed it to Bell to have it signed by him and Von Dohlen; that it was drawn due at three months; Bell took it away, and when he returned it was signed and changed as it now is—due at "six" months. Defendants' testimony showed a contrary state of facts, but the court found that the note was altered as plaintiffs contend. It was the duty of the court below to find the facts proved, and we can not say his finding was incorrect. When the note was so returned Von Dohlen, in Bell's presence, entered on the note "three months, paid," to show, as he said, that three months interest had been paid. These explanations, if true, sufficiently explained the apparent alterations in the note and relieved it of all suspicion. The court did not err in admitting the note.

We conclude the judgment should be affirmed.

*Affirmed.*

Adopted February 25, 1890.