## ISAAC SMITH V. D. P. JONES.

### No. 1272.

**1. Wrongful Distress Warrant.**

It would be wrongful to distrain for rents when by the terms of the lease contract nothing is due thereon, and it would also be wrongful to distrain for more than the amount due on the rent contract.

**2. Exemplary and Actual Damages—Distress Warrant**

Annoyance, vexation and expenditure of money by a defendant in consequence of a distress warrant, would not be grounds for actual damages, but only for exemplary damages.

**3. Same—Practice.**

The admission of testimony to support an allegation of actual damages which was only competent as evidence of exemplary damages, is reversible error where the error might have changed the result of the suit, and have caused a judgment for the plaintiff, when the judgment should have been rendered for the defendant, but for the testimony so admitted. See example.

**4. Impeaching Witness.**

A witness cannot be impeached by proving that he made statements outside of court different from his testimony, without first laying a predicate by calling his attention to such statements in the usual way.

APPEAL from County Court of Falls County. Tried below before Hon. WILLIAM SHELTON, County Judge.

Action for rent. Distress warrant. The defendant denied any indebtedness and reconvened, asking both actual and exemplary damages. The defendant recovered judgment in reconvention before the justice of the peace, and for a larger sum in the County Court to which the plaintiff appealed. The pleadings and the nature of the controversy are sufficiently stated in the opinion of the court.

The verdict in the County Court upon which the judgment appealed from was rendered, is as follows: "We the jury find for the defendant four dollars actual damages and sixty dollars exemplary damages." The judgment was rendered for sixty-four dollars.

*F. M. Boyles* and *Z. I. Harlan,* for appellant.—1. Time lost by defendant in replevying property levied on under a distress warrant or like writ is not an element of actual damages for suing out said writ, nor are personal expenses of a party to a suit while attending court in the trial of the cause elements of actual damages for suing out such writ. Harris v. Finberg, 46 Texas, 79; Craddock v. Goodwin, 54 Texas, 579; Vance v. Lindsey, 60 Texas, 287; Brandon v. Manufacturing Co., 51 Texas, 121.

2. Where no actual damages are alleged or proven, there can be no recovery for exemplary damages. Flanagan v. Womack, 54 Texas, 45; Jones v. Matthews, 75 Texas, 1; Girand v. Moore, 86 Texas, 675; Traiwick v. Martin-Brown Co., 79 Texas, 460.

*J. J. Swan* and *Martin & Edwards,* for appellee.—1. Defendant sued in reconvention for exemplary as well as actual damages. While loss of time in attending court may not constitute, per se, an element of dam-

age, still it may be an incident of exemplary damages and furnish a guide to the jury in assessing the same; the object of the law in such cases is to fully compensate the defendant. Neese v. Radford, 83 Texas, 587; Champlin v. Vincent, 20 Texas, 811.

2.   It does not appear that the plaintiff was injured by the admission of the evidence.

COLLARD, Associate Justice.—Appellant, Isaac Smith, brought suit in the justice court for $105.62, for rents and advances for the year 1893, against appellee, D. P. Jones, his tenant, and sued out a distress warrant and had the same levied on the crops then on the premises.

Appellee pleaded in set-off and reconvention for the following items:

Failure of plaintiff to furnish defendant with a cistern and failing

to have the cistern plastered and made to hold water ............$30

For failing to put repairs on dwelling, to-wit: ceiling, and adding

another room and repairing fireplace and floor, as plaintiff prom-

ised to do .........................................................$30

Defendant also set up "that the distress warrant was sued out for the purpose of annoying, injuring, vexing and harassing this defendant, and that the same has greatly injured him and vexed and harassed and annoyed him, and caused him to spend divers large sums of money, to-wit, $20, to his damage in the sum of $100; wherefore defendant pleads the above amounts, aggregating $180, in reconvention, and asks judgment for that amount."

Appellee recovered judgment in the Justice Court for $25, from which appellant appealed to the County Court, where appellee recovered judgment for $64, from which appellant has appealed to this court.

Upon the issues joined, the court instructed the jury that, "The defendant alleges that he owes plaintiff nothing, either for rent or advances, and pleads in reconvention actual damages in the sum of $80 and $100 exemplary damages for illegally and unjustly suing out the distress warrant." The court then proceeded to tell the jury that if they should find that plaintiff sued out the writ for the purpose of vexing and harassing defendant, and that it was illegally and unjustly sued out, then they should consider whether under the evidence defendant had sustained any actual damages, and if so, to assess the same "in any sum not to exceed $80." But in case they should find no actual damages, they need not consider the matter of damages any further, but in case they should find actual damages in any sum, they could consider exemplary damages, and in case they should believe defendant was entitled to exemplary damages, to so find in any sum not to exceed $100.

*Opinion.*—Appellant insists that the court erred in submitting to the jury defendant's claim for damages for unjustly and illegally suing out the writ, because, he says, there was no allegation in said plea of any actual damages, and no actual damages being alleged, none could be proved or recovered. We think the averment of defendant that he

did not owe plaintiff any rent or advances, and the additional plea that plaintiff was indebted to him for certain alleged failures to comply with the rental contract, should be taken as applying to actual damages for "illegally and unjustly suing out the writ," to meet and indemnify which the bond was given. Rev. Stats., art. 3113. The writ would be unjust and illegal to the extent that it distrained property over and above the amount due on the rental contract. It would be wrongful to distrain for rent when by the terms of the contract nothing was due thereon, and it would also be wrongful to distrain for more than the amount due on the contract. For this wrong actual damages would lie, upon which might be predicated exemplary damages, if the proof should warrant it. There was no error in submitting the issue of actual damages to the jury.

We think the court did commit error in permitting defendant to prove as actual damages loss of time in making a replevy bond in order to retain possession of the distrained crop. There was no such item of damages set up in the answer, and if there had been, it would not have been actual damages. The annoyance and vexation and expending of money incurred by defendant in consequence of the distress warrant would not be a basis of actual damages, but for exemplary damages. Kaufman & Runge v. Armstrong, 74 Texas, 65; Railway v. Ware, 74 Texas, 49-50; Kirbs & Spies v. Provine, 78 Texas, 357; Traiwick v. The Martin-Brown Co., 79 Texas, 464. See also 29 Texas, 255; 62 Texas, 237; 63 Texas, 141, and 75 Texas, 76. We can not say that, as the proof was admissible under the plea of exemplary damages, it was not injurious to admit it as actual damages, because the verdict and judgment of the lower court in effect acquitted defendant of all indebtedness to plaintiff as claimed by him, and allowed defendant four dollars actual damages and sixty dollars exemplary damages. The twenty dollars expenses, or money expended by defendant in the suit, were not provable as actual damages, for the same reasons given above. The defendant seemed to construe the item set up as actual damages, and it was so treated by the court in the charge, as constituting a part of the eighty dollars stated by the court's charge to be the claim for actual damages. We are not authorized to infer that the jury did not include the amount in their finding for defendant as actual damages, from the fact that the verdict was for only four dollars actual damages, as the twenty dollars may have been considered in reducing the plaintiff's claim or in extinguishing it. The amount so expended would not constitute a claim for actual damages.

A witness can not be impeached by proving that he made statements outside of court different from his testimony, without first laying a predicate for the impeaching testimony in the usual way. The method of such predicate is well understood. Bigham v. Carr, 21 Texas, 142; 1 Greenl. Ev., 462.

Because of the errors above pointed out, committed on the trial, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 5, 1895.