McAFEE v. CHANDLER. (No. 3048.)

Court of Civil Appeals of Texas. Amarillo. June 6, 1928.

**1. Landlord and tenant ☞274(2)—Notwithstanding default judgment against tenant in distress proceedings, he can maintain independent action for wrongful levy.**

Judgment by default against tenant in distress proceedings by landlord does not conclude tenant's right to bring independent action for damages for wrongful levy of the distress warrant, though a cross-action therefor could have been filed in the distress proceedings.

**2. Landlord and tenant ☞274(3)—Levy of distress warrant on property in excess of amount due is wrongful, entitling tenant to damages.**

Levy of distress warrant by landlord was wrongful, entitling tenant to actual damages, if it was made on property in excess of amount due.

**3. Landlord and tenant ☞274(7)—If issued without probable cause and to vex and harass, wrongful levy of distress warrant entitles tenant to exemplary damages.**

Wrongful levy of distress warrant entitles tenant to exemplary damages, if warrant was issued for purpose of vexing and harassing him, and was issued without probable cause.

**4. Appeal and error ☞1001(1)—Verdict justified by evidence is conclusive on appeal.**

Verdict not being attacked, and there being evidence justifying its finding, it is conclusive on appellate court.

Appeal from District Court, Yoakum County; Fritz R. Smith, Judge.

Action by W. R. Chandler against J. T. McAfee. Judgment for plaintiff, and defendant appeals. Affirmed.

R. L. Graves, of Brownfield, for appellant. Lockhart & Garrard and F. D. Brown, all of Lubbock, for appellee.

RANDOLPH, J. J. T. McAfee sued his tenant, Chandler, for a balance owed on account by Chandler to him for advances made by McAfee as landlord. The suit was filed in the county court of Yoakum county by virtue of the provisions of an act of the Thirty-Fourth Legislature, Gammel's General Laws, vol. 17, p. 141, providing that the county court of Yoakum county should have original concurrent jurisdiction with the justice's courts of that county in civil matters, and there being no justice of the peace in said county.

In said cause, a distress warrant was issued which was levied on certain crops and portions of crops belonging to Chandler and upon which McAfee claimed a landlord's lien. A judgment was rendered therein in favor of McAfee, foreclosing his landlord's lien upon the crops levied on under the distress war-

rant, and such crops were sold, McAfee buying them for the amount of his debt.

Thereafter Chandler, as plaintiff, filed this suit against McAfee, as defendant, to recover the value of the crops so appropriated and sold under said judgment, and for exemplary damages.

The defendant McAfee answered by general and special demurrers and special plea setting up as a defense his landlord's lien and the foreclosure thereof, etc.

On trial before the court, the case was submitted to a jury upon special issues, which issues are as follows, and which were answered by the jury as indicated, to wit:

"Special issue No. 1: What do you find from a preponderance of the evidence was the reasonable value of the corn, maize, cotton seed, and bundle feed levied on by the sheriff on the 10th day of December, 1925? Answer in dollars and cents. Answer: $150.

"Special issue No. 2: Did the defendant, J. T. McAfee, cause the distress warrant to issue against the plaintiff, W. R. Chandler, in cause No. 79, in the county court of Yoakum county, unjustly and for the purpose of vexing and harassing the said defendant, Chandler? Answer 'Yes' or 'No.' Answer: Yes.

"Special issue No. 3: Do you find from a preponderance of the evidence that the defendant, J. T. McAfee, without probable cause, as the same has been hereinbefore defined to you, made the affidavit by virtue of which the distress warrant was issued in this case? Answer 'Yes' or 'No.' Answer: Yes.

"If you have answered special issues Nos. 3 and 2, or either of them, in the negative, then you need not answer the following special issue. If you have answered special issues Nos. 2 and 3 in the affirmative, then you will answer special Issue No. 4.

"Special issue No. 4: What amount of exemplary damages, if any, as such damages have been hereinbefore defined to you, do you find and assess against the defendant, J. T. McAfee? Answer in dollars and cents. Answer: $500."

Upon the verdict of the jury, the court rendered judgment in favor of plaintiff, Chandler, for $150 actual damages, with interest thereon at 6 per cent. per annum from the 10th of December, 1925, and also for the sum of $500 as exemplary damages, with interest thereon at the rate of 6 per cent. from the date of judgment. The court further ordered that such judgment be credited with the sum of $52.77, with legal interest from the date of the rendition of the judgment in county court first above named and discussed, due upon said first judgment. There is no attack

made upon the verdict of the jury. The question of jurisdiction of the county court to render the judgment in the distress proceeding will not be discussed, for the reason that the trial court gave defendant, McAfee, who was plaintiff therein, the full benefit of same, by crediting the amount of plaintiff's judgment herein with the amount of that judgment, and the defendant's contention that the judgment in the distress proceedings in the county court was res adjudicata of all questions involved in this case cannot be sustained.

[1] The defendant, in the distress proceedings, could have filed a cross-action for damages in the county court in that case, but he made no appearance; judgment going against him by default. This did not conclude his right to bring an independent suit to recover his damages.

[2, 3] The levy was wrongful and entitled the plaintiff to his damages if the levy was made upon property in excess of the amount due, and exemplary damages can be predicated upon such levy, if the evidence warrants the jury's finding that the distress warrant was issued for the purpose of vexing and harassing the defendant, Chandler, and that same was issued without probable cause. Smith v. Jones, 11 Tex. Civ. App. 18, 31 S. W. 306.

[4] The verdict of the jury not being attacked, and there being evidence justifying the finding, such finding is conclusive on us. The pleading, the evidence, and the findings of the jury establishing that the distress warrant was issued and levied on Chandler's property, and that it was so done for the purpose of vexing and harassing Chandler and was without probable cause, clearly entitled the plaintiff herein, Chandler, to exemplary damages. Burger v. Rhiney (Tex. Civ. App.) 42 S. W. 590, 592; Kaufman & Runge v. Wicks, 62 Tex. 234, 238.

That the defendant in an action, who has been damaged thereby, can file a cross-action in that suit for his damages, has long been the settled law of Texas. It has therefore been held that he could bring an independent action for such damages. Kingsley v. Schmicker (Tex. Civ. App.) 60 S. W. 331, 332.

We have considered the questions discussed without reference to the objections made by appellee to the consideration of appellant's assignments.

Finding no reversible error, the trial court's judgment is affirmed.