**J. M. RADFORD GROCERY CO. et al. v. HOTHAN.**

No. 2566.

Court of Civil Appeals of Texas. El Paso. Sept. 17, 1931.

Hill D. Hudson, of Kilgore, and Cox & Hayden, of Abilene, for appellants.

Russell & Starley, of Pecos, for appellee.

HIGGINS, J.

The J. M. Radford Grocery Company had a judgment against F. R. Hothan and G. Crutcher. Execution was issued upon this judgment, placed in the hands of Ray Clapp, sheriff of Winkler county, and by direction of Radford Company the execution was levied upon the stock of goods in a retail grocery store in the town of Wink. The goods were later sold under the execution and purchased by said company.

Appellee, Mrs. A. D. Hothan, brought this suit against the Radford Company and the sheriff, alleging that she was the owner of the groceries which was her stock in trade in a retail grocery business operated by her, and asked damages actual and exemplary for the alleged wrongful seizure and conversion of the property.

It was contended by the defendants that the stock of goods was owned by the judgment debtors, but this issue was found in favor of the plaintiff. Upon special issues the jury found that Mrs. Hothan had established a good will in connection with said grocery business prior to the date of the levy which was made on March 21, 1930, and the cash market value of said good will at that time in Wink was $1,600; that such good will was lost to the plaintiff by reason of the levy; that defendants held possession of the building for twenty-six days, and the closing of the building and holding of the same forced the plaintiff to discontinue her grocery business for twenty-six days; that plaintiff suffered a loss of profits in her business by reason of the closing of same and holding possession of the building, and the profits so lost amounted to $550; that the cash market value of the stock of groceries on March 21, 1930, in Wink was $1,550.

Upon these findings and others which need not be stated, judgment was rendered against the Radford Company and the sheriff for $3,700, from which they appeal.

■■ Upon the trial evidence was admitted over objection as to the retail value of the groceries. The court gave no definition of the term "cash market value" of the stock of groceries as used in the charge. The value of the stock of goods at which it might be sold at retail is not the proper basis for determining their market value. Needham P. & O. Co. v. Hollingsworth, 91 Tex. 49, 40 S. W. 787; Tucker v. Hamlin, 60 Tex. 171; Miller & English v. Jannett & Franke, 63 Tex. 82.

As was stated by Judge Gaines in the case first cited, "The market value is what the goods could have been promptly sold for in bulk or in convenient lots."

We do not desire to be understood as holding that in all cases it would be incumbent upon the court to give a definition of the term "cash market value." Ordinarily, there would be no occasion to give such definition or explanation, for it is a term commonly used and readily understood, but in the present case the jury might well have believed that the market value of the goods should be determined upon the basis of their retail value. The retail value involves the element of profits, and no issue of malice, express or implied, was submitted by the court for determination. There is thus no basis for the award of exemplary damages by way of lost profits and for the value of the good will. The award of damages for such profits and the value of the good will cannot be sustained in the state of the record. We are reluctantly constrained to so hold under the authorities cited above, as well as Kaufman & Runge v. Armstrong, 74 Tex. 65, 11 S. W. 1048; Kirbs & Spies v. Provine, 78 Tex. 353, 14 S. W. 849; and Tynberg v. Cohen (Tex. Civ. App.) 32 S. W. 157. As we understand the cases last cited, loss of profits and damage to good will are recoverable only as exemplary damages, and, as pointed out above, no finding of malice, express or implied, was submitted to or found by the jury, and hence no basis exists for the award of exemplary damages.

■ Error is assigned to the exclusion of testimony of the defendant Clapp to the effect that the grocery store in question had the reputation of being a place where whisky was sold. This presents no error. In the first place, the bill of exception relating to this matter discloses that the witness would not have testified as is asserted by the appellants. Furthermore, if he would have so testified, it would have afforded no justification for the wrongful seizure and conversion of appellee's stock of groceries under execution against the judgment debtors.

■ Complaint is also made of certain sidebar remarks made by one of the counsel for plaintiffs. The remarks were manifestly improper, but we do not regard same as reversible, because they were evidently prompted by the effort of counsel for the appellants to convey to the jury the inference that plaintiff was running a bootlegging establishment when the evidence relied upon to show such fact had been excluded by the court. Furthermore, the court promptly instructed the jury not to consider the remark of plaintiff's counsel.

The objection is not well taken that special issue No. 9 is upon the weight of the evidence. In this connection see what was said by Justice Lane in McCallum v. Houston Electric Company (Tex. Civ. App.) 280 S. W. 342.

The invoices referred to in the fifteenth, sixteenth, seventeenth, and eighteenth propositions were properly admitted in evidence. Standing alone, these invoices would not be regarded as competent evidence of Mrs. Hothan's ownership of the groceries covered by the invoices. 33 C. J. 811; Federal Insurance Co. v. Munden (Tex. Civ. App.) 203 S. W. 917; Sturm v. Boker, 150 U. S. 312, 14 S. Ct. 99, 37 L. Ed. 1093. But other testimony in the case relating to the invoices rendered same admissible on the issue of ownership.

■■ The evidence referred to in the nineteenth proposition was properly admissible under the plaintiff's pleadings upon the issue of exemplary damages. As heretofore pointed out, this issue was not submitted to the jury, but that did not affect the admissibility of evidence upon the issue. When the court determined not to submit the issue of exemplary damages, appellant should have asked an instruction to the jury to disregard the evidence which had been previously admitted upon the issue. Kaufman & Runge v. Armstrong, 74 Tex. 65, 11 S. W. 1048.

What is here said applies also to the evidence referred to in the twentieth and twenty-first propositions.

Complaint is also made of the form of special issue No. 5. This issue related to the contention of appellants that the judgment debtor, F. R. Hothan, owned an interest in the stock of groceries and business conducted by the plaintiff. The question was submitted in negative form, and, among other objections, it is urged that it was calculated to confuse the jury. Upon retrial, it would be well to avoid any possibility of confusion in submitting the issue indicated.

The matters referred to in the twenty-third and twenty-fourth propositions present no error, and call for no discussion.

Reversed and remanded.