**JONES v. JONES.**

No. 1431.

Court of Civil Appeals of Texas. Eastland.

April 12, 1935.

Rehearing Denied May 17, 1935.

Lee R. York and Scarborough & Ely, all of Abilene, for appellant.

Cox & Hayden and Davidson, Doss & McMahon, all of Abilene, for appellee.

FUNDERBURK, Justice.

This suit, brought by the guardian of W. M. Jones, non compos mentis, against Susie Helen Kate Jones, wife of W. M. Jones, sought annulment of the marriage of said parties and cancellation of two deeds from said W. M. Jones to the defendant upon two several grounds, namely, fraud and mental incompetency. The deeds conveyed property belonging to said W. M. Jones before his marriage. One of the deeds, dated February 12, 1932 (the marriage having occurred on October 20, 1931), recited a consideration of $1,400 paid by said Susie Helen Kate Jones out of her sole and separate property and estate. Plaintiff alleged, among other things, that in the last-mentioned deed "a consideration of $1400.00 was recited to have been paid out of the separate estate and property of the defendant, but that in truth and in fact no money and no consideration, either valuable or good, passed to the said W. M. Jones in connection with the execution of said deed." The defendant by an alternative plea, in the nature of a cross-action, and upon the contingency of the marriage being annulled, and the deeds canceled, sought recovery of $1,400 alleged to have been paid out of her separate estate as consideration for one of the deeds.

The court evidently considered that there was no evidence of fraud, and limited the issues submitted to the jury to those concerning mental incompetency, and the right of the defendant to a recovery of the consideration for the deed. The jury determined that W. M. Jones at the time he married the defendant did not have mental capacity to enter into the marriage contract; that at the several times of the execution of the two deeds he did not have mental capacity to make same; that the defendant did put some of her own separate funds into the home that was built upon the property; and that the amount thereof was $150.

From the judgment rendered and entered in accordance therewith, the defendant has appealed.

The appellant was not permitted to testify concerning the amount of money out of her separate estate that went into the

improvements of the property, and which it was claimed constituted the consideration for the deed; such testimony being excluded under the provisions of R. S. 1925, art. 3716. It is insisted that under the circumstances of this case said article 3716 constitutes an unreasonable restraint upon appellant's right to testify upon her own behalf, and is unconstitutional. The judgment sought was one in favor of the guardian as such, and the testimony excluded clearly constituted a transaction with the ward. There can be no doubt, we think, that the statute by its express terms applied. We do not think any constitutional question is involved. It was formerly the rule that parties to a suit were not permitted to testify in their own behalf. The change of law by which they are now permitted to so testify was not one effected by means of Constitutional provision, but by statute. Granted the power of the Legislature to deny the parties to a suit the right to testify, the power would certainly include the right to provide exceptions to a statute permitting them to testify.

It is further contended that the pleadings did not sufficiently set forth a cause of action for either the annulment of the marriage, or the cancellation of the deeds, on the ground of fraud on the part of appellant in procuring the consummation of the marriage, or the execution of the deeds. We are of the opinion that the pleadings did allege sufficient facts to show fraud. Since the issue of fraud was eliminated from the case and no complaint is made of such action, we deem it unnecessary to set forth the reasons why we think the pleading was sufficient in this respect.

In the trial a number of letters, written by the appellant to one J. B. Goodale after appellant's marriage to Jones, were offered and admitted in evidence. Objection to their admission was made by the appellant on the ground that the real issue was that of the mental unsoundness of appellee's ward, as to which issue the letters were irrelevant, immaterial, and prejudicial. We think the letters were properly admitted as having a bearing upon the issues of fraud tendered by the pleadings. After the court had, by determining the issues to be submitted to the jury, eliminated the question of fraud, appellant made a motion to the court to charge the jury not to consider the letters in arriving at their verdict. The court overruled the motion, and this action is assigned as error.

In this action we think the court erred. It will be unnecessary to state the nature and contents of the letters further than that they were of a character undoubtedly calculated to cause the appellant to be regarded unfavorably by the jury. They had no probative value whatever upon the issue of the mental condition of appellee's ward. After the court had determined that no issue of fraud was raised by the evidence and it was eliminated in the submission of the case to the jury, these letters served no proper purpose in the trial of the case. Appellant cites no authority in support of her contention that the court's action was erroneous, but states that it is unnecessary to do so as the proposition is elementary. We do not believe the question should be regarded so simple as that. In Gulf, C. & S. F. Ry. Co. v. Conley (Tex. Civ. App.) 236 S. W. 521, 531, the court upon this point said: "We do not understand that it is reversible error on the part of a trial court to refuse to expressly take from the consideration of the jury evidence that had been admitted during the trial on some issue raised by the pleadings, but not submitted in the court's charge. If there is any decision to that effect emanating from any appellate court of this state, it has not been cited in appellant's brief, and we ourselves have not found any. There may be, perhaps, some such decision arising upon an extraordinary state of facts that would require such action on the part of a trial court for the necessary protection of a party, but we feel sure that the failure of the trial court to give the charge requested here should not work a reversal of this case, even if it should be conceded that the requested charge announced a correct proposition of law applicable to the facts of this case." It is our conclusion, however, that the action of the court, which the motion in this case sought, has been established as correct practice, and is upon reason necessary to the proper protection of legal rights where the only purpose for the admission of prejudicial evidence ceases to exist before the jury is called upon to pass upon the issues of a case.

In J. M. Radford Grocery Co. v. Hothan (Tex. Civ. App.) 42 S.W.(2d) 119, 120, it was said: "The evidence referred to in the Nineteenth proposition was properly admissible under the plaintiff's pleadings upon the issue of exemplary damages. As heretofore pointed out, this issue was not submitted to the jury, but that did not

affect the admissibility of evidence upon the issue. When the court determined not to submit the issue of exemplary damages, appellant should have asked an instruction to the jury to disregard the evidence which had been previously admitted upon the issue." Citing Kaufman & Runge v. Armstrong, 74 Tex. 65, 11 S. W. 1048.

Kaufman & Runge v. Armstrong, 74 Tex. 65, 11 S. W. 1048, 1049, was an action for wrongfully and maliciously suing out a writ of attachment. The court held that evidence of loss of credit was not admissible upon a claim for damages for merely wrongfully suing out an attachment, but was admissible upon a claim for maliciously suing out such writ where exemplary damages were sought. Both claims being made in the suit, the court said: "We are of the opinion that the court did not err in admitting evidence of that character under the pleadings in this cause. If appellants desired to have the jury instructed that such evidence could not be looked to for the purpose of increasing the damages for a mere wrongful attachment, they should have asked an instruction to that effect."

In Blum v. Jones (Tex. Civ. App.) 23 S. W. 844, 848, the court said: "If, after the charge was read to the jury, it was apparent that the testimony was not relevant to the issues submitted, and it was deemed that said testimony might influence or affect the finding of the jury upon the issues submitted, it was incumbent upon the appellants to ask a special charge directing the jury to disregard such evidence, on account of its irrelevancy, in determining their verdict; and, appellants having failed to ask such charge, they will not now be heard to say that the jury might have been misled by such testimony."

■ There is involved, as we see it, a special application of a very general principle of law, to the effect that where testimony is admissible to prove one fact in a case, but is not competent to prove some other fact, the court, on request, should limit the evidence to the particular matter to establish which it was admitted. Galveston, H. & S. A. Ry. Co. v. Worcester, 45 Tex. Civ. App. 501, 100 S. W. 990; Missouri, K. & T. Ry. Co. v. Cherry, 44 Tex. Civ. App. 232, 97 S. W. 712.

■ It is not regarded as a sufficient answer to say that the testimony being without any probative value probably had no influence. "Where testimony has been given, which does not tend to establish any fact in issue, the court does right to exclude it from the jury." Hubby v. Camplin, 22 Tex. 582. If such evidence be probably prejudicial, then it becomes the duty of the court, when timely requested, to exclude it. In Eliot v. Whitaker, 30 Tex. 411, 412, the court said: "It was for the judge * * * to determine the legal effect of the instrument; and, if satisfied it *ought to have no weight with the jury,* it was *his duty to exclude it.*" (Italics ours.)

Where improper testimony is sought to be introduced, it is the duty of a party who may be adversely affected thereby to object, and by failure to object he will waive the right to complain thereof; but we are here dealing with a case wherein the right to object did not exist at the time of the introduction of the testimony. At that stage of the trial the testimony was not improper. But when the court eliminated the only issue that made the evidence proper, if the evidence was of a nature calculated to be appropriated by the jury because of prejudice or any other reason to influence their judgment upon the issues submitted, then the court should have instructed the jury not to consider same. We are not at all sure that the denial of the motion should not be regarded, in practical effect, as amounting to a suggestion from the judge to the jury that they could properly consider the letters as having some bearing upon the issue of mental incompetency.

■■ It is contended that the verdict of the jury, wherein it was found that appellant had only paid $150 as a consideration for one of the deeds, was not supported by the evidence. Appellee, seeking cancellation of the deeds, was required to offer to repay the consideration, if any, given for the deed, or to allege facts legally sufficient to excuse him from that obligation. Houston Land & Trust Co. et al. v. Sheldon (Tex. Civ. App.) 69 S.W.(2d) 796. In recognition of this burden, he sought, by the allegations of his pleading, to avoid the obligation to tender payment of the consideration, or to show that it had not been received for the benefit of the ward, by averring that none had been paid. He thereby assumed the burden of proving that no consideration had been paid. Wade v. Love, 69 Tex. 522, 7 S. W. 225. We think the introduction of the deed in evidence was sufficient prima facie to authorize judgment for appellant for the $1,400, unless

appellee assumed and discharged the burden of showing that same had not been paid, and if not all had been paid, then what part of same had not been paid. We seriously doubt if the evidence showed a discharge of this burden, but we find it unnecessary definitely to determine the question here in view of the disposition necessary to be made of the appeal upon the other point hereinbefore discussed. We call attention to the matter because, apparently, the appellee was of the opinion that appellant had the burden of showing that the $1,400 had been paid. It is this question of the burden of proof which introduces the element of doubt in our minds as to whether the evidence supported the verdict of the jury finding that only $150 had been paid.

It is, therefore, our conclusion that the judgment of the court below must be reversed and the cause remanded, which is so ordered.