## CLARK v. PECOS COUNTY STATE BANK.

### No. 4021.

Court of Civil Appeals of Texas. El Paso.

Jan. 30, 1941.

Roy A. Downey, of Royalty, for plaintiff in error.

Blaydes, Kelly & Winkler, of Fort Stockton, for defendant in error.

WALTHALL, Justice.

Defendant in error has filed in this court a motion to strike plaintiff in error's brief, and assigns as a reason therefor specific objections to plaintiff in error's statement of the nature and result of the suit as appears in his brief.

There is no statement of facts brought up in the record, and while some of plaintiff in error's statements are made as facts as appearing on the trial may not be considered, in the absence of a statement of facts, the court having instructed a verdict, and by eliminating from the proposition facts stated thereon that may not be considered, the question remaining in the proposition is purely one of law. We overrule defendant in error's motion to strike the brief of plaintiff in error and shall consider same.

The material facts we will consider are the execution of the note sued on, its nonpayment by the makers, the admission in evidence, over objection, of the several notes in extension of the original note, and the question of error in instructing the verdict on the facts considered.

The undisputed facts show that on July 8, 1933, J. A. Frederick and plaintiff in error, B. D. Clark, executed and delivered to the defendant in error Bank the promissory note, the subject matter of this suit, which we copy in full:

"$475.00 Fort Stockton, Texas
 "July 8, 1933.

"On Demand after date, for value received, I, we, or either of us promise to pay to the order of The Pecos County State Bank of Fort Stockton, Texas, the sum of Four Hundred Seventy Five Dollars in lawful money of the United States, with exchange, at the office of The Pecos County Bank, of Fort Stockton, Texas, with interest at the rate of ten per cent per annum from Date until paid. And in the event default is made in the payment of this note at maturity or any installment of interest thereon, when due, then this note and instrument shall become due and payable at the option of the legal holder thereof. And it is further agreed that if this note is placed in the hands of an attorney for collection, or suit is brought on same, or if collected through the Probate or Bankruptcy Court, then an additional amount of ten (10) per cent on the principal and interest of this note shall be added to the same as collection fees. The makers and endorsers of this note waive demand of payment, and agree that the date of maturity may be extended from time to time at the option of the legal holders hereof, upon the request of anyone of the makers hereof, and said action shall be as binding on each and every signer and endorser hereof as if said extension had been made at his, her or their own request.

 "(Signed) J. A. Frederick
 "B. D. Clarke.

"The payment of this note is secured by No. 6294

When due..D."

The note, as executed, was for the sum of $475, payable on demand. The note provides: "The makers and endorsers of this note waive demand of payment, and agree that the date of maturity may be extended from time to time at the option of the legal holders hereof, upon the request of anyone of the makers hereof, and said action shall be as binding on each and every signer and endorser hereof as if said extension had been made at his, her or their own request."

Defendant in error filed this suit on April 26, 1939, to the May term of the Court and alleged its ownership of the note, and pleaded that the indebtedness as evidenced by the note had been extended and renewed from time to time. Defendant in error's petition does not state how the several renewals and extensions were made, but does allege that the last renewal was by note, and, with the other renewal notes, sets out the note in full. The renewal note referred to is dated September 15, 1936, is made payable to defendant in error on November 15, 1936, in the sum of $375, defendant in error having alleged that a payment of one hundred dollars and all interest to date of renewal had been made on demand, and the renewal note was for the unpaid balance of the original note.

By plaintiff in error's bill of exceptions it is made to appear that on the trial defendant in error offered in evidence a series of promissory notes, each of the notes signed only by J. A. Frederick, the notes made payable to the order of defendant in error, the Pecos County State Bank. To the introduction of the extension notes in evidence plaintiff in error objected on the

ground that defendant in error had not sufficiently pleaded the renewal notes tendered in evidence. The court overruled the objection and the notes were admitted in evidence, to which plaintiff in error excepted. The court noted a qualification to the bill of exceptions to the effect that plaintiff in error had made no exception to defendant in error's pleading "with regard to such renewal notes," and that the renewal notes were permitted in evidence "to connect the indebtedness evidenced by the note sued on with the original indebtedness, which plaintiff pleaded."

The notes admitted in evidence are set out in the bill of exceptions. They appear in the bill of exceptions to be copies of the note sued on, except that in the body of some of the notes admitted in evidence the sum promised to be paid is not stated, but at the head or beginning of each note the amount for which the note is given is stated to be $475, and except as above stated, one of the notes admitted in evidence, both at the beginning and in the body of the note, the amount of the note is stated to be $375. The notes admitted in evidence are lengthy, and we omit copying them here.

 The notes admitted over objection of plaintiff in error were not the note sued on, were not a part of defendant in error's cause of action, but they were admitted as evidence of the extension of the note sued on. Whether they had the legal effect to extend the time of payment of the note signed by plaintiff in error Clark is a question of law and not of fact. Certainly defendant in error was not required to plead the extension notes, they were offered as evidence to show the extension of the note sued on. The note, the basis of the suit, was signed by plaintiff in error. He may have signed as surety—the note itself does not state in what capacity, and in the absence of a statement of facts we may not presume that he signed in any capacity other than as a maker of the note, certainly not as an "accommodation maker," as stated in his proposition.

We have stated the note in full. The note does not state how the extension of the date of its payment may be made, or that the extension must be made with the knowledge or consent of Clark, nor that the extension be signed by Clark or other makers of the note, as suggested in the proposition.

 It is said in 6 Texas Jurisprudence, at page 810, par. 173: "It is a well established rule that the giving of a new note for a debt evidenced by a former note does not extinguish the old note unless such was the intention of the parties." And in the note thereunder refers to Bell v. Boyd & Boyd, 76 Tex. 133, 13 S.W. 232, on former appeal, 69 Tex. 735, 7 S.W. 657, and other cases to which we refer without stating them here.

 As said in 6 Texas Jurisprudence, supra, if it was the intention of the parties to take up and pay off and extinguish the original instrument, the new note will be given that effect. Such intention is a question of fact for the jury whether the new note was given and accepted in payment of the original.

 Every reasonable presumption must be indulged in favor of the judgment, and in the absence of a statement of facts it must be presumed on appeal that there was sufficient evidence to sustain the judgment.

 The notes objected to, standing alone, might be subject to the objection made. Other evidence might make them admissible. Likewise, in the absence of a statement of facts, it must here be presumed the court had sufficient proof before it to render them admissible. The plaintiff in error complained there was no pleading sufficient to render the notes admissible. The defendant in error (plaintiff below) alleged in its petition that the note had been renewed and extended from time to time. There was no special exception directed at this allegation, and as the record stands here the assignment must be overruled.

The above is all we think necessary to say. In the absence of a statement of facts, we cannot say the court was in error.

The case is affirmed.