Dewey, J.,
delivered the opinion of the Court.
It is contended, for the defendant, that the cause of action accrued for the default of the deputy sheriff immediately on the act of his taking insufficient bail ; and that the term of limitation began to run from that time, or, at furthest, from the time when the writ was returnable into court. If he is right in either of these positions, the plaintiffs commenced their action too late ; and it is barred by the statute. But, if the cause of action did not accrue until after judgment was rendered against Carlton, in the original action, the suit is well commenced within the time of limitation.
There is no evidence of wilful misconduct on the part of the deputy sheriff, but of negligence only in taking insufficient bail. He accepted one surety on the bail-bond, who was, at the time, reputed to be of sufficient ability; but the law required not less than two, as has since been decided by this Court in the case of Long vs. Billings. (1) Poor, who became bail, was liable on [*130] his bond, although * he was the only surety, and could not avoid it on that account (2).
If the sheriff take two sureties on a bail-bond, who are reputed to be of sufficient ability, although they may afterwards become insolvent and unable to pay the debt, the sheriff is not liable. But, if he take one surety only, he does it at his peril ; and can never be permitted to prove the sufficiency of the bail at the time he accepted it in discharge of himself. And, if the sheriff will take this responsibility upon himself, what injury results to the creditor ? If the bail is sufficient in such case to satisfy the judgment when it is obtained against him, the creditor has no cause of complaint ; and, if he is insufficient, the officer is chargeable.
The return of the deputy sheriff, that he had arrested the body of Carlton and had taken bail, was strictly true. He was not then iable for a false return ; and, if the bail had surrendered bis principal pending the suit, or had satisfied the judgment which was rendered against him, the plaintiffs would have sustained no damage in consequence of the officer’s having taken but one surety. The injury which the plaintiffs have sustained, and which is the ground of their action, did not arise to them until they had recovered judgment, and the principal had avoided.
*117 Had the plaintiffs brought their action at any time before they obtained judgment in the suit against Carlton, they could have shown no actual damage. It was then uncertain whether they would prevail in their suit; and, if they did, the principal might satisfy the judgment, or be surrendered by the bail.
It is usual for the officer, who serves a writ, to retain the bailnond, until it is called for by the plaintiff in the action:† and he has no occasion to call for it, until his execution against the principal is returned unsatisfied. - The creditor, therefore, cannot be presumed to know any thing of the sufficiency or insufficiency of the bail, until that time : and it would be an unreasonable construction of the statute, to say that the time of limitation began to [* 131 ] run before the plaintiff could set forth in his declaration the extent of his injury.
We are all of opinion, in the case before us, that the cause of. action did not accrue until the judgment, and the return of non est inventus upon the execution against the principal ; which was within four years next preceding the commencement of the action.‡
Our opinion is formed on the peculiar circumstances of this r.ase, and the nature of the default, with which the sheriff is charged. There is no doubt that an action upon the case, for the negligence or misconduct of an officer, may lie, in some cases, immediately, or before judgment in the suit ; as for suffering an escape (3), neglecting to arrest the debtor, to attach his goods, or to return the writ But those cases are different from '.he present, and depend on different principles.
The decease of Edes, the deputy sheriff, can have no effect on this cause.§ If no action will lie against his executors or administrators for neglect or misconduct in his office, that is no excuse for the defendant. The sheriff was liable for his default ; and it is to be presumed that he took a bond to indemnify himself against his liability.
The instructions given to the jury, respecting the assessment of damages, we are satisfied, were correct, and in exact conformity with the rules which were settled in the case of Weld vs. Bartlett;(4) and which are equally applicable to this case. Agreeably to those principles, under all the circumstances of this case, we are of opinion that the verdict is just and reasonable ; and judgment is to be entered upon it accordingly.

 9 Mass. Rep. 480.

 Clufton vs. Web, Cro. Eliz. 808. — Drury's Case, 19 Co. 100.

 By Rev. Stat. c. 91, § 4, it is provided, that “ The bail-bond shall be returned »ud filed with the writ ” — Ed.]

 Cœsar vs. Bradford, 13 Mass. Rep. 169.— Mather vs. Green, 17 Mass. Rep. 60

 4 D. & E. 611. — 2 Wils. 294.

 Mellen & al vs. Baldwin, 4 Mass. Rep. 480.

 10 Mass. Rep 474.