# Freeman *vs.* Holliday.

## *Error to Muscatine.*

The sale of an improvement on public lands is a valuable consideration for a promissory note, independent of statute.

The transfer of an absolute property is not necessary to constitute a valuable consideration. The acquisition of a probable, customary advantage is sufficient for this purpose.

This was an action of debt brought upon the following instrument:

"AUGUST the 13th day, 1836.

"Nineteen months after date, I promise to pay Samuel Holliday, or order, the just and full sum of one hundred dollars, for value received of him, this the day and date above mentioned.

(Signed)        WALTER FREEMAN."

It appeared on the trial that this note was given for the sale of an improvement on public lands, and previous to the statute making such a consideration valid. The question therefore was raised, whether, independent of statute, this would form a valuable consideration.

GRANT, for plaintiff in error, cited, Bell vs. Pierson, decided in this court. Act of Congress, March 3, 1807. 3 Blackstone 18 & 19. 1 Blackford Rep. 19, 20, 21. Pamphlet Reports of the Supreme Court of Illinois 78, 117 & 294. Laws of Illinois 420, and Laws of Wisconsin and Iowa, in relation to improvements on the public lands.

LOWE, for defendant in error.

BY THE COURT, MASON, CHIEF JUSTICE.--This was an action on a promissory note. The error alleged is, that the court refused to instruct the jury that if they believed the note in controversy was given prior to October 1836, in consideration of a valuable improvement on the public lands of the United States, that such improvement is not a good consideration for said note. The whole question is as to whether the sale of an improvement on the public lands does, independent of statute, constitute a legal consideration.

The consideration of a promissory note is always deemed sufficient, whenever, in consequence of the contract, the maker has derived a ben-

efit or the payee suffered detriment. The case of a purchaser of lands belonging to the United States who executes a promissory note for improvements previously made thereon, is in neither of these predicaments. The title to the improvements would have vested in the purchaser previously to the execution of the note. No benefit would accrue to him or detriment to the payee in consequence of the contract for the improvements. The cases cited from the reports of Indiana and Illinois are of this character and are clearly correct.

But the case at bar is different from these. The purchaser of the improvements was not previously the owner of the freehold; and conse. quently was not, as in those cases purchasing his own property. If he acquired anything by the purchase, there was a sufficient consideration.

The owner of the freehold is also the owner of all improvements made thereon. As against the United States therefore, the seller in this case had no rights which he could enforce. It does not follow, however, that he had no valuable, transferable interest. The physician or the schoolmaster who sells out what is termed his good will, sells nothing to which he has an absolute right. The purchaser in that case cannot compel the patrons of his predecessor to employ *him*. Still, the probabilities are in his favor. By making the purchase and removing the former incumbent out of the way, his chances of success are increased, to what extent he must be the judge. For the estimated value of his new acquisition, he executes his promissory note. It can doubtless be collected. The transfer of an absolute property is not therefore necessary to constitute a valuable consideration. The acquisition of a probable customary advantage, is sufficient for this purpose.

We think such was the case in regard to the sale of improvements on public lands. These constituted our only titles at the date of the note on which this suit was brought. These titles secured to the possessor the undisturbed possession of the land until the fee simple was acquired from the United States. This has been one of our general customs, coeval with our political existence—coextensive with our territorial limits—one therefore which the courts may lawfully recognize. The purchaser knew what he was buying, supposed he could derive advantages from the purchase equivalent to the price to be paid, and gave his note for the amount. We think in honor, in equity, and in law he is bound to pay it.

As to the *illegality* of the consideration, contended for by the plaintiff in error, the state of the pleadings does not seem to be such as to

11

let in this defence were it valid.*    The case of Hill vs. Smith, however, decided at this term of the court, settles that question, so far as the decision of this court can go, in favor of the legality of the consideration.    We entertain no doubts of the correctness of that decision.

The judgment of the court below will therefore be affirmed.