## Gustin v. The County of Jefferson.

1. STATUTE OF LIMITATIONS. The statute of limitations as to actions for damages resulting from injuries to the person, commences to run from the time the injury is done, and not from the time the party injured becomes fully advised of the extent thereof.

*Appeal from Jefferson District Court.*

THURSDAY, OCTOBER 8.

ACTION for damages for injuries to the person of the plaintiff, by the falling of a bridge belonging to the defendant. The defendant demurred to the petition for reasons which appear in the opinion of the Court. This demurrer was sustained, and from the ruling of the Court thereon the plaintiff appeals.

*Robt. H. Gilmore* for the appellant, cited Ang. Lim., § 301.

*C. C. Nourse* and *Slagle & Atchison* for the appellee, cited Ang. Lim., § 300 ; *Baldwin* v. *Calkin,* 10 Wend., 167.

LOWE, J.— On the 13th day of June, 1860, whilst the plaintiff was crossing with his team a bridge over Big Cedar in the County of Jefferson, the same gave way and precipitated him and the team into the creek below, from which there resulted to him a personal injury, to recover damages for which he instituted this suit against the defendant, on the 1st day of September, 1862. This being after the lapse of two years, within which, under the statute, the suit should have been brought, the defendant demurred for that reason. The demurrer was sustained and the plaintiff appeals.

For the purpose of showing that the Statute of Limitations did not run for the first year after the falling of said bridge, and that his action was not barred thereby, the plaintiff in his petition makes the following statement: " That for and up to the period of one year after the falling and breaking down of said bridge, that is to say up to June 13th, 1861, plaintiff was of opinion and supposed that the injuries caused plaintiff by the falling of said bridge were not of a serious or permanent nature ; that none of his bones appeared to be broken thereby, and that plaintiff hoped and expected to recover his usual robust health and strength. But the plaintiff says the effects and results of said falling through said bridge did not develope themselves and become apparent until about and after June 13th, 1861, when from said causes his health at once suddenly and permanently failed, and very serious, and, as he fears, fatal injuries to his spine and chest became manifest, and his whole physical organization became feeble and unsound. And he says that all the said injuries to his

person and health so accruing at and after June 13th, 1861, were the direct result and consequence of the breaking of said bridge — a result and consequence which plaintiff did not know and could not have known prior to said June, 1861, at which time his cause of action in this case accrued."

The argument is, that the demurrer admits the above declaration of facts. As such it is claimed, that inasmuch as the full extent and nature of the injury was not developed till one year after the accident occurred, no cause of action accrued till that time. This last averment is an inference which the pleader himself draws from the facts stated, and this conclusion is not admitted by the demurrer. Indeed the true meaning and significance of the above statement of facts, taken as a whole, cannot be mistaken. It is unquestionable that the plaintiff did receive an injury immediately from the falling of the bridge. The language of this part of the statement is : " *That up to June 13th,* 1861, *plaintiff was of the opinion and supposed that the injuries caused plaintiff by the falling of said bridge, were not of a serious or permanent nature — that none of his bones appeared to be broken thereby, and that plaintiff hoped and expected to recover his usual robust health and strength,*" &c.

What other inference can be drawn from this language, than that if the plaintiff's injuries were not serious and permanent, that they were at least slight and temporary. And again, the expectation that he would recover his usual robust health and strength, implies necessarily that the same had been lost or impaired to some extent. If so, then the cause of action must have accrued cotemporaneously with the occurrence of the event. Besides all this, the plaintiff had a full year after the nature of his injuries had been discovered, to bring his suit, in which he neglected to do it. The law and the argument of the counsel for appellant are manifestly at war with his facts, and it is

needless to prosecute the discussion further.  The demurrer was well taken, properly sustained, and the judgment below must be

Affirmed.