## SHERMAN v. WESTERN STAGE COMPANY.

1. Limitation, statute of: An action by a husband, against a stage company, to recover damages for the loss of his wife and child who had been killed while traveling on defendant's line, is construed to be an action for a personal injury, falling within subdivision one of section 2740 of the Revision of 1860, and barred, after the expiration of two years from the time the cause of action accrued.

*Appeal from Marshall District Court.*

TUESDAY, JULY 9.

IN April, 1862, the plaintiff's wife and child took passage in the defendant's line of coaches at Des Moines, for Fort Dodge, and were drowned in crossing Boone river, in consequence of the alleged carelessness of the driver and employees of the defendant, and the insufficiency of their ferry-boat. To recover damages for this bereavement, in March, 1866, this action was commenced. A demurrer was sustained to the petition, for the reason that the facts

and dates set out therein, show that the cause of action had not accrued within two years from the date of the institution of the suit, and therefore was barred by the statute of limitations; and from this ruling of the court the plaintiff appeals.

*Boardman & Brown* for the appellant.

*J. M. Elwood* and *D. O. Finch* for appellee.

Lowe, Ch. J.—Our conclusion is that the demurrer was properly sustained. That the cause of action, as it is LIMITATION: declared and set forth in the petition, is for statute of. personal injuries to the wife and child of plaintiff, resulting in their death, and sounding in tort rather than contract, and falling within the class of actions designated in the first clause of section 2740 of the Revision, to recover in which, suit must be brought within two years. The question raised by the demurrer is not perhaps entirely free from doubt, and yet it is plain the action must belong to that class described in the first or third clauses of that section. When we construe these in the light of each other, one referring generally to the rights of persons and personal injuries, and the other to rights under contracts and injuries to property, we are brought naturally and fairly to the conclusion, that the suit at bar comes within the spirit and scope of the former rather than of the latter clause of the section.

Affirmed.