EMMERT v. GRILL.*

1. **Statute of Limitations**: INTOXICATING LIQUORS. An action for damages against the seller of intoxicating liquors, for causing the intoxication of the husband, cannot be maintained after two years from the date of the sale.

2. **Tort**: PERSONAL INJURIES: INTOXICATING LIQUORS. The *ground of action* for personal injuries is the tortious act against the person injured, although the *right of action* therefor is conferred by statute in certain cases upon the husband or wife, or personal representatives. (*Sherman v. The Western Stage Co.*, 22 Iowa, 556.)

* This case and the following one were decided at the June Term preceding, but came to the hands of the Reporter too late for insertion in their proper place.

*Appeal from Clinton District Court.*

WEDNESDAY, JUNE 17.

ON the 23d day of October, 1873, the plaintiff commenced this action to recover damages from the defendant, alleging that in the summer of 1870 the defendant was the keeper of a saloon in the old town of DeWitt, Clinton county, Iowa, where he kept intoxicating liquors for sale in violation of the law, and, at divers times during the year 1870, did sell said intoxicating liquors to John Emmert, who was then and there the husband of plaintiff, whereby she has sustained damages, for which she sues.

The defendant demurred to plaintiff's petition on the ground that the cause of action was barred by the statute of limitations. The demurrer being sustained, and plaintiff refusing to amend, judgment was rendered for defendant for costs. Plaintiff appeals.

*Wm. H. H. Hart* and *William B. Leffingwell*, for appellant.

*Merrell & Howat*, for appellee.

MILLER, CH. J.—The question for determination is whether, upon the face of the petition, it appears that the action is barred by the statute of limitations. The Revision, section 2740, provides that actions of slander, libel, malicious prosecution, injuries to the person or for a statute penalty, must be brought within two years after their causes accrue, and not afterwards. The language of this provision is somewhat changed in the Code. It is as follows: "Actions founded on injuries to the person or reputation, whether based on contract or tort, or for statute penalty, within two years." This change in the phraseology of the law is not material in this case, nor need we decide under which provision the case is to be determined, since, under either, actions for injuries to the person or for a statute penalty are limited to two years, and the question is, whether this action is for either an injury to

the person, or for a statute penalty.    If it is either, it is barred. If it is neither, it is not barred.

The question here arising is settled, as we think, in *Sherman v. The Western Stage Company*, 22 Iowa, 556.   In that case the plaintiff's wife and child took passage in the defendant's line of stages at Des Moines for Fort Dodge, and were drowned in crossing Boone river, through the alleged carelessness of the driver and employes of the defendant, and the insufficiency of their ferry boat.    It was held, on a demurrer to the petition, that the cause of action was for personal injuries to the wife and child of the plaintiff, resulting in their death, and that the action thereon must be brought within two years.

At the common law, no right of action for the recovery of damages existed against one who caused the death of another. This right of action is based upon our statute; see Revision, sections 4110. 4111, 2500, 2501; *Donaldson v. The M. & M. R. Co.*, 18 Iowa, 280.   The case of *Sherman v. The Western Stage Co.*, *supra.*, holds that the foundation of the action in such cases is the personal injury to the individual who is killed. Although a right of action is given by the statute to the husband or wife, or personal representative, which did not exist at the common law, yet the action is for the personal injuries to the deceased.

When we apply these principles to the case before us, we find that, although the statute gives to the wife or child a right of action against the person who causes the intoxication of the husband or father, by intoxicating liquors sold to him in violation of law, yet the foundation of the action is the wrongful act of the defendant in causing the intoxication of the husband or father, which is a personal injury to him. Suppose a case where one willfully administers poison to another, from the effects of which he dies.   Here the wrongful act producing death would give a right of action under the statute against the wrong doer.   The right to sue is given to the parent or personal representative, but under the doctrine of *Sherman v. The Western Stage Company*, *supra*, the *cause of action* is the injury to the person killed, and suit

would have to be brought in two years. So in this case, although the intoxicating liquors sold by defendant to plaintiff's husband did not cause his death, yet it caused intoxication, which is a personal injury, only perhaps in a less degree. This injury is the *cause* of the action, although the *right* to sue thereon is given by the statute to the wife or child, for, without proof that the defendant caused the intoxication complained of, there could be no recovery, and a failure to allege this fact would be a failure to state a cause of action under the statute.

It is true that the second section of the statute (chapter 47, Laws of 1862) provides that the wife, etc., may recover damages for injuries to her means of support, person or property, caused by any intoxicated person, etc., but this is only for the purpose of measuring the damages, and does not constitute such injuries the ground or cause of action upon which the suit is founded. This same section further provides that such wife, child, etc., shall have a right of action in his or her own name, against any person or persons who shall, *by selling intoxicating liquors, as in this act set forth, cause the intoxication of such person*, for all damages actually sustained, as well as exemplary damages." This language, interpreted by the principle settled in *Sherman v. The Western Stage Company, supra*, very clearly makes the selling of the intoxicating liquors to, and thereby causing the intoxication of, the person who, under the influence or by reason of such intoxication, damages the plaintiff, the cause of action. The intoxication is the direct injury resulting from the wrongful act of selling the liquor to the person who drinks it. The injuries to the wife, child, etc., of the intoxicated person are consequential and remote. The demurrer was properly sustained.

AFFIRMED.