STEEL & JOHNSON v. BRYANT ET AL.

1. **Statute of Limitations:** INSUFFICIENT STAY BOND: NEGLIGENCE. The statute of limitations does not commence to operate upon a cause of action against the clerk of the court for negligence in accepting an insufficient stay bond until the stay expires and a right of action accrues on the bond.

*Appeal from Pottawattamie District Court.*

FRIDAY, JUNE 14.

In 1873 the defendant Bryant was clerk of the District Court of said county, and this action was commenced April 9, 1877, on his official bond, to recover damages alleged to have been sustained by reason of negligence in accepting and approving a bond staying execution on a judgment in favor of the plaintiffs, and against S. S. Baylis. The petition states said judgment was recovered May 23, 1873, in the District Court of said county, and that on May 26, 1873, the said Bryant, as such clerk, accepted and approved a stay bond executed by S. S. Baylis, and S. S. Evans as surety; that the bond was duly filed, and judgment entered thereon, and execution on the original bond stayed as provided by law; that at the time the stay bond was filed and approved, Baylis was solvent, and if the execution of said judgment had not been stayed the plaintiffs could have collected the same; that S. S. Evans was notoriously insolvent at the time the bond was approved, and has so continued, and that Baylis before the execution of the stay became insolvent, and so continued; that said Bryant was grossly negligent in approving said bond, and did not faithfully discharge the duties of his office.

There was a demurrer on the ground that it appeared on the face of the petition that more than three years had elapsed between the approval of the bond and the commence-

ment of this action, and, therefore, the action was barred by the statute of limitations. The demurrer was sustained, and the plaintiffs appeal.

*Marshall Key*, and *Rising, Wright & Baldwin*, for appellants.

*Sapp & Lyman*, for appellees.

SEEVERS, J.—The effect of the bond was to stay execution on the judgment for one year, or until May 23, 1874, and the

1. STATUTE of limitations: insufficient stay bond: negligence.

theory of the appellants is that the statute did not begin to run as to the negligent act of the clerk until that time; that no action accrued against him until that time, and until then the plaintiffs were in nowise damaged. On the other hand the appellees claim the statute began to run at the time the act of negligence was committed, and that an action could have been at once maintained, although nominal damages only may have been then recoverable. This fact, it is insisted, in no manner affects or destroys the right of action, which, it is claimed, never depends on the amount of the recovery.

These respective theories have been ably maintained by counsel, and authorities cited which it is claimed support them.

This action is not based on any contract between these parties, either express or implied, but for the negligent performance of a duty imposed. Therefore the authorities cited, in actions based on contracts or acts of negligence in failing to properly perform obligations resulting from contracts, are not strictly applicable.

The extent of the damage, or whether fully known at the time the act of misfeasance or nonfeasance takes place, in no manner affects the cause of action. *Gustin v. Jefferson County*, 15 Iowa, 158; *State v. Dyer*, 17 Id., 223; *Wilcox v. Plummer's Ex'r*, 4 Peters, 172. This last case is greatly relied on by the appellees.

It will be found, however, on examination, to be an action for negligence against an attorney, growing out of his contract of employment, and it was held the cause of action accrued at the time the contract was violated.

We have, therefore, to inquire when the cause of action in the case at bar accrued, and not when the extent of the damages became known or accurately defined. Had it been necessary to bring an action on the bond to obtain judgment against the surety, without doubt such action would not have accrued until the bond became due and payable. Under the statute no such action was necessary, because judgment was at once rendered thereon, but no process could issue, and the only obligation assumed by the surety was that he would pay the amount due on the original judgment at the expiration of one year, in case the principal failed to do so. In legal effect, therefore, so far as a right of action thereon, or the enforcement of the obligations thereby assumed, is concerned, this bond, to all intents and purposes, was due and payable at the expiration of one year from the date of the original judgment.

As no right of action against the surety existed until the expiration of one year, we think none accrued against the clerk for negligently accepting the bond until that time. In other words, the time when the action accrued on the bond is the time when it accrues for the negligent act. It is true that the negligent act had been committed before that time, but there was no immediate injury or damage, nor does the law imply there was any. The injury and damage were consequential, depending on the happening of certain things in the future. If either the principal or surety paid the judgment within the year, there was neither injury nor damage. The plaintiffs could not have proved either to the satisfaction of a court or jury. The bond was valid on its face, and the plaintiffs were not bound to know or inquire as to the solvency of the sureties until the expiration of the stay. The bond, so far from being void, was not voidable, for no action

could be taken by the plaintiffs which would have the effect of avoiding the act of the clerk.

A very different question would be presented if the bond was void, or if the plaintiffs could have taken any steps to remedy the wrong committed by the clerk. They might be well required to ascertain and determine for themselves, as a legal question, whether the bond was or was not void, and, if the latter, they could at once have caused execution to issue, and their right of action against the clerk would be full and complete. Such is the distinction between the case at bar and *Kerns v. Schoonmaker*, 4 Ohio, 331; and *Lathrop v. Snellbaker*, 6 Ohio St., 276.

*Rice v. Hosmer*, 12 Mass., 126, was an action against a sheriff for taking insufficient bail. The action in which the bond was taken was prosecuted to judgment, and execution issued against the principal, which was returned, nothing found whereon to levy, and the question was whether the statute began to run from the time the bail was accepted, or from the return of the execution, and the latter was held to be the rule. This case is followed in *Mather v. Green*, 17 Mass., 60; and *West v. Rice*, 9 Met., 564. *Harriman v. Wilkins*, 20 Me., 93, was an action against a sheriff for taking an insufficient replevin bond, and it was held the action began to run from the time the plaintiff in replevin after judgment for a return failed to return upon demand the property replevied. It was claimed the action accrued against the sheriff at the time the bond was accepted, but the court held otherwise. This case is followed in *Newbert v. Cunningham*, 50 Me., 231, and referred to with approval, or at least its correctness not doubted, in *Gardin v. Strickland*, 27 Me., 443.

In these cases a right of action on the bond did not accrue until the default of the principal, and the liability of the officer attaches from the same time.

So here, only in the event that the principal and surety failed to pay the judgment at or before the expiration of the stay, did a right of action accrue against the clerk. Until

that time the negligent act or wrong, and the injury or damage resulting therefrom, was consequential, and it then, for the first time, became an accrued right.

Counsel for the appellee insists that *Harriman v. Wilkins*, before cited, is overruled or controlled by *Betts v. Norris*, 21 Me., 314. It is difficult to draw a sharp distinction between the two cases. It may be said, however, that the action was based on a failure to levy an attachment on sufficient property, instead of the negligence of the officer in the approval of a bond which it was his duty to take. *Harriman v. Wilkins* is not referred to in the majority opinion, but is briefly in the dissenting opinion, and in neither is there an intimation that it is overruled, and in view of the subsequent action of the court in relation thereto we cannot so regard it.

There are authorities which hold there may be a wrong without a remedy, or injury without a loss, and for such no action lies. It was held in *Nash v. Whitney*, 39 Me., 341, that an action against an officer for a false return could not be maintained unless special damage could be shown, and there are other cases in which this principle has been recognized. 1 Hilliard on Torts, 85. The damages referred to in these cases is not such as is implied by law, or such as follow and are the necessary result of the establishment of some right (*Watson v. Van Meter*, 43 Iowa, 76), but such as are capable of being proved and estimated.

We confess our inability to see why this principle is not applicable to the present case. The demurrer admits the solvency of Baylis, and that the money could have been made on execution against him. When he became insolvent does not appear, further than that he was insolvent at the time the stay expired, and he may have become so between the 9th day of April and 23d day of May, 1874.

Now, until Baylis became insolvent, the plaintiffs were not injured, and if they had brought an action against the clerk on the day the bond was taken, such action could not have

been maintained, for the simple reason no right of action existed or had accrued.

*Ellis v. Kelso,* 18 B. Mon., 296, cited by the appellee, is not applicable. That was an action against a clerk for a negligent or fraudulent entry made by him in the books of his employer, and it was held the statute began to run at the time the entry was made.

The following cases are also cited by the appellee: *The Bank of Utica v. Childs,* 6 Cow., 238; *Morgan v. Plumb,* 9 Wend., 287; *Mardes v. Schackelford,* 4 Ala., 495; *Argall v. Bryant,* 1 Sand., N. Y. Superior Court, 98; *Sinclair v. The Bank,* 2 Strobh., 344, and *Sheriff of Norwich v. Bradshaw,* 1 Croke, 63. All of these actions except the last were based on contracts, and it was held the cause of action accrued at the time the negligent act was committed. At that time the contract was broken and a right of action accrued. In the last case cited the statute of limitations was not raised.

REVERSED.