## FADDEN v. SATTERLEE et al.

*(Circuit Court, S. D. Iowa.   September 27, 1890.)*

1. LIMITATION OF ACTIONS—PERSONAL INJURIES—PHYSICIANS.
   An action against a physician for damages occasioned by his malpractice in treating plaintiff under a verbal contract is barred in two years, under Code Iowa, § 2529, subd. 1, providing that "actions founded on injuries to the person or reputation, whether based on contract or tort," shall be brought within two years, and subdivision 4 of that section, providing that "those founded on unwritten contracts" shall be brought within five years, does not apply to an action for injury to the person resulting from the breach of an unwritten contract.

2. SAME—COMMENCEMENT OF ACTIONS.
   Where the petition is filed on the 16th, and the summons placed in the hands of the officer for service on the 23d, of November, 1839, the action is barred where the petition alleges that the contract was made on September 1, 1887, on which day defendants set and bandaged plaintiff's leg, and continued treating him till November 17, 1887, and that by reason of their negligence in setting and bandaging the leg plaintiff was injured; for Code Iowa, § 2532, declares an action commenced at the time the writ is placed in the hands of the officer for service.

At Law.   Action to recover damages.   Demurrer to petition.

*Breen & Duffie*, for plaintiff.

*Harl & McCabe* and *Chas. McKenzie*, for defendant.

SHIRAS, J.   In the petition filed in this cause it is averred that the defendants are physicians and surgeons, engaged in the practice of their profession at Dunlap, Iowa; that on the 1st day of September, 1887, the plaintiff met with an accident, whereby he fractured the bone of his left leg at the thigh; that on the date named he entered into a contract and agreement with the defendants, whereby, for a valuable consideration, they agreed to set and heal said leg, and attend upon him as physicians and surgeons until said leg was cured and restored to its normal condition; that the defendants entered upon said work under said contract, and attempted to set the bone of said leg, reduce the fracture, and restore said leg to its normal condition, and attended upon and served plaintiff in said work and treatment until about November 17, 1887; that defendants so carelessly, negligently, and unskillfully set the fractured bone, and dressed and bandaged the same, that by reason thereof the injured leg is permanently maimed and deformed, to the damage of plaintiff. The petition was filed November 16, 1889, and the summons was placed in the hands of the marshal for service November 23, and was served November 27, 1889.   A demurrer on behalf of defendants is interposed upon the ground that the petition of plaintiff shows that the action is barred by the statute of limitations.   The Code of Iowa (section 2529) provides that—

"The following actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially limited:   (1) Actions founded on injuries to the person or reputation, whether based on contract or tort, or for a statute penalty, within two years.   *   *   *   (4) Those founded on unwritten contracts, those brought for injuries to property, or for relief on ground of fraud in cases heretofore

cognizable in a court of chancery, and all other actions not otherwise provided for in this respect, within five years."

The first point to be decided is whether the case comes under the first or fourth clause of the section; the defendants claiming that the first clause governs the case, while the plaintiff contends that it falls under the fourth clause, the contention being that plaintiff declares upon a special contract, and for the breach thereof, and therefore it is an action on an unwritten contract.

The first clause, however, declares that actions founded on injuries to the person, whether based on contract or tort, shall be barred within two years. The meaning of this is, if the tort or breach of contract results in an injury to the person, suit to recover damages for such an injury must be brought in two years. If the breach of the contract does not result in an injury to the person or reputation, but causes other injury or loss, then the case comes under subdivisions 4 or 5, depending upon the fact whether the contract is unwritten or written. In *Sherman* v. *Stage Co.*, 22 Iowa, 556, it was held that an action by a husband against the stage company to recover damages for the loss of his wife, who was killed through the negligence of the common carrier, was an action for a personal injury, and came under the provisions of the first clause of the act. So, also, it is held that an action under the provisions of the Iowa statute for damages to the wife resulting from sale of intoxicating liquors to the husband is for a personal injury, within the meaning of the first clause of the section in question. *Emmert* v. *Grill*, 39 Iowa, 690. It thus appears that this clause of the section is broadly construed to include all cases wherein an injury to the person is the basis of the damages sought to be recovered, although the right to maintain the action may be founded upon a statute, a contract, or a tort.

It is also urged in argument that, even if it be held that the action comes under the first clause of the section, it does not appear from the averments of the petition that the period of two years had elapsed before the action was brought. The averments of the petition show that the contract with defendants was made September 1, 1887, and that defendants continued their treatment of him until about November 17, 1887. Whatever negligence and want of skill the defendants may have been guilty of in the premises must, of necessity, have taken place on or before November 17, 1887, and this action should have been brought, therefore, before the expiration of two years from that date. Section 2532 of the Code of Iowa provides that, as respects the statute of limitations, the action is deemed to be commenced when the original notice is delivered to the sheriff with intent to have it served. The return upon the summons in this cause shows that it came to the hands of the marshal on the 23d of November, 1889, so that more than two years had elapsed since the defendants had ceased to attend upon plaintiff. According to the averments of facts in the petition, it would seem that the negligence and want of skill charged against defendants inhered in the setting of the fracture and the bandaging of the limb, which were done on the 1st of September. The statute as to actions for personal injuries

begins to run at the time the injury is received, although its results may not be then fully developed. *Gustin* v. *Jefferson Co.*, 15 Iowa, 158.

There is no view that can be taken of the facts as alleged in the petition that would justify the holding that the cause of action accrued within two years before the bringing of the action, and hence it follows that the petition on its face shows that the bar of the statute is applicable thereto.

Demurrer is sustained.