BERNARD CUSHING, Appellant, v. THE CITY OF WINTERSET
ET AL.

**Municipal corporations:** INJURY FROM DEFECTIVE STREET: LIMITATION
OF ACTIONS: MINORS. An action for personal injury caused by a
defective street must be brought within three months from the
date of the injury, unless written notice specifying the time, place
and circumstances of the injury has been served upon the muni-
cipality within sixty days from the happening of the accident;
and this rule applies to minors as well as adults. Minors are
not entitled by the provisions of Code, Section 3453, to a time
after the termination of the disability within which to serve such
notice.

*Appeal from Madison District Court.*—HON. EDMUND
NICHOLS, Judge.

MONDAY, OCTOBER 25, 1909.

ACTION to recover damages for personal injury sus-
tained by plaintiff while passing along a public street, by
reason of the alleged negligence of the defendant in failing
to maintain such street in a reasonably safe condition for
travel. There was a demurrer to the petition on the ground
that plaintiff failed to allege written notice specifying the
time, place and circumstances of the injury, and that the
action was not commenced until more than three months
had elapsed from the alleged happening of said injury.
This demurrer was sustained, and on an election of plain-
tiff to stand on his petition without further pleading, judg-
ment was rendered for the defendant, and plaintiff appeals.
—*Affirmed.*

*C. A. Robbins,* for appellant.

*A. W. & Phil. R. Wilkinson,* for appellees.

McCLAIN, J.—It is conceded that the ruling of the court in sustaining defendant's demurrer on the ground that the action founded on injury to the person on account of a defective street was not brought within three months, no written notice specifying the time, place and circumstances of the injury having been served upon the defendant within sixty days from the happening of the injury (Code, section 3447, paragraph 1), was correct, unless the alleged fact of plaintiff's minority entitled him, under Code, section 3453, to a time after the termination of his disability within which to serve such notice. The allegations of the petition in this respect were that plaintiff's injury was received on March 28, 1908, and that he did not attain his majority until September 30, 1908. The action was instituted on November 21, 1908.

The provision just cited with reference to notice in such cases was first enacted in 1888, as chapter 25, Acts 22d General Assembly. As amended in 1896 by chapter 63, 26th General Assembly, it was in force as a separate statutory provision relating to municipal corporations, when in 1897 it was by the Legislature incorporated into Code, section 3447, relating in general to the limitation of actions as the first paragraph of that section. The statute of limitations relating to injuries to the person, and requiring actions therefor to be brought within two years, was in force when the act of the 22d General Assembly was passed (see Code 1873, section 2529, paragraph 1), and that provision is retained as paragraph 3, Code, section 3447. The act of the Twenty-Second General Assembly was not therefore as originally adopted a part of the statute of limitations, but was a specific provision with reference to actions brought against municipal corporations to recover for injuries to the person, and its purpose was to give such corporation such notice of the claim as would

enable it to investigate the circumstances of the injury while the facts are fresh and witnesses are available. *Giles v. Shenandoah,* 111 Iowa, 83; *Bliven v. Sioux City,* 85 Iowa, 346. The fact of the service of the notice was a material allegation on the part of plaintiff, if his action was not brought within three months. *Pardey v. Mechanicsville,* 101 Iowa, 266. If the proper notice had been served within the specified time, then the action was covered by the general statute of limitations as to actions for personal injuries, and might be brought within two years. *Robinson v. Cedar Rapids,* 100 Iowa, 663. Prior to the incorporation of this provision into the general statute of limitations, there was no exception on behalf of minors; section 2535 of the Code of 1873 (now Code, section 3453), providing that times limited for actions shall be extended in favor of minors so that they shall have one year from and after the termination of disability within which to commence the action, having no application to such provision. *Morgan v. Des Moines,* 60 Fed. 208 (8 C. C. A. 569). While the case last cited was not decided in this court, it was by implication approved in *Roelefsen v. Pella,* 121 Iowa, 153.

The contention of appellant is, however, that when the provision of the Twenty-Second General Assembly, as amended by the Twenty-Sixth General Assembly, was incorporated by the Legislature into the section relating to general limitation of actions, the exception of Code, section 3453, became applicable thereto, that the limitation of three months within which action must be brought, if no notice was served within sixty days, became subject to the statutory exception as to minors, and that plaintiff had three months within which to bring his action after he attained his majority, although no notice of his claim had been served within sixty days after the injury was received. Notwithstanding the incorporation into Code, section 3447, of the provision previously made in the statute

on the subject which related specifically to municipal corporations, and was not a part of the general limitation statute, we have held that the paragraph of the section in question does not apply to cities under special charter, although without question the general limitation of two years for bringing such actions does apply to special charter cities as well as to others. *Kenyon v. Cedar Rapids,* 124 Iowa, 195; *Harvey v. Clarinda,* 111 Iowa, 528. We think it apparent, therefore, that the provision of Code, section 3447, requiring that an action against a municipal corporation for injury to the person on account of a defective street shall be brought within three months, unless the specified notice has been served, is in the nature of an exception to the general provision of the statute (found in paragraph 3 of the same section), requiring actions for injuries to the person to be brought within two years, and that the introductory declaration found in the section that "actions may be brought within the times herein limited respectively after the causes accrue, and not afterwards, except when otherwise specially declared" (which was the introductory clause before the provision to which we now have reference was incorporated into the section), has reference to the general two-year limitation, and not to the exceptional provision found in paragraph 1. And we, therefore, hold that section 3453 does not have the effect of extending in favor of minors the exceptional clause requiring such actions as this to be brought within three months where no notice has been served. The object of the three months' limitation would be practically defeated in actions brought by minors (and also those brought by insane persons, which are governed by the same provisions) if the extension in favor of such persons was applied to the exceptional provision incorporated into paragraph 1 of the general section. In view of the history of this legislation we cannot believe that this was the legislative intent, nor that the language employed re-

quires that we reach such a result, and we hold that the giving of the sixty days' notice is a condition precedent to the right to bring an action after the expiration of three months.

The judgment is therefore *affirmed.*