REN PALMER, Appellant, v. CITY OF CEDAR RAPIDS, Iowa, Appellee.

Limitation of actions: SIDEWALK INJURY: STATUTES. An action for injury from a defective sidewalk is one founded upon injury to the person and must be brought within three months from the happening of the injury, unless notice of the time, place and circumstances of the injury is served upon the municipality, as provided in paragraph one of the statute of limitations, in which event the time is

extended to one year: and this paragraph applies to an action for injury to a minor child thus caused. Paragraph three of the statute of limitations does not apply to cases of this character.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

TUESDAY, APRIL 14, 1914.

ACTION to recover damages for injuries sustained by plaintiff's minor son upon a sidewalk in the defendant city. A demurrer to the petition was sustained, and plaintiff appeals.—*Affirmed.*

*Rickel & Dennis,* for appellant.

*Barnes & Chamberlain,* for appellee.

DEEMER, J.—According to the allegations of the petition, plaintiff's minor son was injured by a fall upon one of the sidewalks in defendant city which, it was claimed, the city negligently failed to manage, maintain, and keep in repair. The accident occurred on January 8, 1910, and this action was not commenced until January 31, 1911. The damages asked were for loss of the services of the minor, and for costs and expenses incurred in furnishing nurses, medical attendance, and medicines.

The demurrer was upon the ground that, as plaintiff served no notice upon the city within three months after the accident occurred, the action is barred. Plaintiff's cause of action is not for injuries to his person; but it is founded upon an injury to his minor son, and for damages because of the loss of the services of the child, and of expenses incurred, due to the injury received by him.

The Code of 1873 provided that actions founded on injuries to the person should be brought within two years after the cause thereof accrued. See section 2,529.

In the year 1888 the Legislature passed an act entitled "An act limiting the time of making claims and bringing suits against municipal corporations including cities organized under special charters." This act provided that:

Section 1. In all cases of personal injury resulting from defective streets or sidewalks or from any cause originating in the neglect or failure of any municipal corporation, or its officers to perform their duties in constructing or maintaining streets and sidewalks, no suit shall be brought against the corporation after six months from the time of the injury unless written notice specifying the place and circumstances of the injury shall have been served upon such municipal corporation within ninety days after the injury.

Sec. 2. All the provisions of this act shall be applicable to all cities in this state now organized under special charters. (Acts 22d G. A., chapter 25.)

This act found its way into McClain's Code as sections 633 and 634, under title 4, chapter 10, relating to cities and incorporated towns. The act is now found in somewhat different language in chapter 2 of title 18 of the Code of 1897, "relating to procedure in courts of original jurisdiction," and as it now stands reads as follows:

Section 3447. Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

1. In Actions for Injuries from Defects in Roads or Streets—Notice. Those founded on injury to the person on account of defective roads, bridges, streets or sidewalks, within three months, unless written notice specifying the time, place and circumstances of the injury shall have been served upon the county or municipal corporation to be charged within sixty days from the happening of the injury. . . .

3. Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years; and those brought to set aside a will, within five years from the time the same is filed in the clerk's office for probate and notice thereof is given. . . .

This change was made by the Code commission, and from its report we quote the following: ''Two new subdivisions are inserted; the first covering the provisions of 22d G. A. chapter 25 (McC., section 633), extended so as to apply to counties as well as cities and towns, and the second to cover Code, section 486 (McC., section 665), which seems more appropriate here than in the place where it has been found heretofore. In subdivision 3 are inserted words ex-tending the meaning of the term 'injuries' as used, and a clause is added to cover actions to set aside a will which have not heretofore apparently been covered by any of the Code provisions.'' Report of Code Commission, page 98.

Paragraphs 1 and 4 of section 2,529 of the Code of 1873 (section 3,734 of McClain's Code), from which paragraph 3 of section 3,447 of the present Code was borrowed, read as follows:

1. Actions founded on injuries to the person or reputation, . . . Whether based on contract or tort, or for a statute penalty, within two years:

4. Those founded on unwritten contracts, those brought, for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions not otherwise provided for in this respect, within five years.

Plaintiff's action was not commenced until more than one year after the cause thereof accrued, and he gave no notice to the city at any time, of his claim, etc., until he served the original notice in this case, which was more than a year after the accident happened. The demurrer is based upon the thought that the action is barred under paragraph 1 of section 3447 of the Code. Plaintiff contends, however, that, as the action was for injuries to his relative rights, it is governed by paragraph 3 of section 3447, and that it was not barred until two years after the cause thereof accrued.

The object of the section with reference to notice is

well understood. It is to apprise the city authorities of the location of the defect and the circumstances attending the accident with such reasonable certainty as will enable them, not only to investigate the city's liability while the facts are fresh, but also to ascertain what evidence there may be of conditions then existing and of the character of the injuries sustained while witnesses are at hand. *Giles v. Shenandoah,* 111 Iowa, 83.

The necessity and desirability of such a notice is just as important whether the injuries are to the absolute or relative rights of the plaintiff. But it is insisted that the statute must be given a reasonable interpretation, and all of its provisions taken together, and that, when so done, it is manifest that paragraph 1 has no reference whatever to injuries to relative rights, although founded on injuries to the person. Had there been no change in the statute after its original enactment, there would be much force in this position for, as it originally passed, what is now paragraph 1 read, "in all cases of personal injuries," etc., and the ultimate time limit seems to have been two years. As the statute now reads, the ultimate limit is two years, if notice is served within sixty days after the happening of the accident, and, if no notice be served within the sixty days, the action must be commenced within three months; and the statute is broadened so as to cover actions "founded on injury to the person," instead of "all cases of personal injury."

Appellant says that we have heretofore read paragraph 1 of section 3,447 out of the statute of limitations, in *Cushing v. Winterset,* 144 Iowa, 260, and in a sense this is true; but we had no authority to nor did we repeal the statute. In that case the holding was that the right to bring suit was not extended to a minor or an insane person in virtue of the provisions of section 3453 of the Code. Whether found in its proper place or not, this provision of the law must be given force and effect.

The first point to be decided, then, is whether plaintiff's

cause of action is founded on an injury to the person, rather than an action for injury to the person. The words ''founded on'' mean ''to serve as a base or basis for,'' and do not necessarily import a direct injury to the person bringing the suit. Again, the propriety or necessity for such a notice is as great whether the action be for direct injuries or be to relative rights based upon an injury to the person of another, and the mischief aimed at in the statute is as great in one case as the other.

Appellant contends, however, that, as paragraph 3 of the present statute is made to apply to injuries to relative rights, and paragraph 1 is not so extended, in construing the two together it should be held that paragraph 1 relates only to direct injuries to the person, and not to relative rights. Of course these paragraphs must be construed together, and, if they related to the same kind of injuries appellant's argument would be of great force. The difficulty lies in the proposition that both provisions relate .to the same kind of injuries, which is manifestly incorrect. Paragraph 1 relates to injuries on account of defective roads, bridges, streets, or sidewalks, where a county or city is sought to be held liable, and paragraph 3 to injuries to the person or reputation in general, whether based on contract or tort, or for a statutory penalty, including relative rights. If the action be founded on injury to the person, one paragraph is as broad as the other, save that one is made to apply to a particular kind of wrong, and the other is unlimited. If the minor were bringing suit in his own name, it is very clear that his action would be governed by paragraph 1 of the section, rather than by paragraph 3, and the same rule should be adopted where the action is brought by a parent because of personal injuries to a minor child, due to a defective street, sidewalk, or highway. This is the only theory upon which these statutes may be reconciled, and it is our duty in interpreting them to give both force and effect, if this can be done, rather than to set aside or destroy one or

the other.   These are cardinal rules of construction, for which no authorities need be cited.

Appellant relies upon *Wysocki v. Ice & Cartage Co.*, 125 Wis. 638 (104 N. W. 707), and *Gatzow v. Buening*, 106 Wis. 1 (81 N. W. 1003, 49 L. R. A. 475, 80 Am. St. Rep. 1). These are both Wisconsin cases, and the statute in that state reads, "no action to recover damages for injury to the person;" while ours reads, "those (actions) founded on injury to the person." The Wisconsin cases proceed along the lines argued by appellant's counsel; but the language of the two statutes is so different that we do not think the Wisconsin rule is applicable here.   That the foundation of plaintiff's right of action was injury to the son is so clear that no authority need be cited in support of the proposition.   But see *Sherman v. Western Stage Co.*, 22 Iowa, 556; *Emmert v. Grill,* 39 Iowa, 690.

As plaintiff gave no notice as required by paragraph 1 of the statute quoted, and did not bring his suit until more than a year after the accident happened, we think his petition was demurrable, and that the trial court was right in its holding.

The judgment must therefore be and it is—*Affirmed.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concurring.