M. H. NEWGIRG, Appellee, v. WILLIAM C. BLACK et al., Appellants, JOSEPH J. REILLY et al., Defendants.

**LIMITATION OF ACTIONS:** Mortgages—Twenty-Year-Old Mortgages—Nonresidence of Mortgagor—Effect. An action to enforce a real estate mortgage, even though in fact unpaid, is barred, regardless of the nonresidence of the mortgagor, whenever it appears:

1. That 20 years have elapsed from the record date thereof.

2. That 10 years have elapsed since the record date of maturity.

3. That no extension of maturity .has been filed or noted on the marginal record.     (Sec. 3447-c, Code Supp., 1913.)

*Arguendo*, it is stated that the same rule would govern in case of insanity or minority.

**STATUTES:** Construction—Remedial Statutes—Principles. The following principles of statutory construction are recognized and applied:

1. To consider the state of the law before the statute in question was enacted and the evil that it was designed to remedy, and to adopt that construction which will suppress the mischief and advance the remedy.

2. To consider, in arriving at the intent of a statute, the subject-matter, effect, consequence, reason and spirit of the statute in question, as well as the words thereof.

**STATUTES:** Construction—Juxtaposition of Statutes. The intent of the legislature in the enactment of a statute cannot always be determined from its juxtaposition to other statutes.

PRINCIPLE APPLIED: For many years Sections 3447—3458, Code, 1897, comprised all our general statutes governing the limitations of actions. In 1906, the 31st G. A. enacted Chapter 152, providing, in effect, that no action should be brought to foreclose any real estate mortgage executed prior to January 1, 1885, unless brought within one year from the taking effect of the act. When the Code Supp., 1907, was compiled, this act was inserted as Section 3447-c, thereby causing it to *precede* Section 3451, Code, 1897, which provides that ''the time during which a defendant is a non-resident of the state shall not be included in computing any of the periods of limitation *above described.*'' In 1911, the 34th G. A. repealed Section 3447-c and enacted a substitute (to be known as Section 3447-c), providing, in effect, that ''no action shall be maintained to enforce a real estate mortgage after 20 years from its date unless the record showed that less than 10 years had elapsed since the date of maturity,'' etc. *Held*, the reason, purpose and design of this statute were to bar this class of mortgages, *irrespective of the residence of the maker of the mortgage*, and that such condition overcame any deductions to be drawn from the fact that it *preceded* Section 3451—in other words, that said last named section did not apply.

**LIMITATION OF ACTIONS:** Validity of Statute—Instant Deprivation of Right of Action—Mortgages—Constitutional Law.. Whether a statute is constitutional which instantly deprives the holder of a

mortgage of the right of *foreclosure*, leaving unimpaired the right to *personal judgment* against the mortgagor, *quaere*.

**LIMITATION OF ACTIONS:** Validity of Statute—Change in Statute—Reasonable Time to Avoid Bar. One who is given, by statute, 15 months in which to bring foreclosure on a real estate mortgage, or in which to note on the margin of the record a fact which he claimed prolonged the life of the mortgage and avoided the bar of the statute, and did neither, may not claim that the statute did not give him a reasonable time in which to exercise his remedy.

*Appeal from Boone District Court.*—R. M. WRIGHT, Judge.

SATURDAY, MARCH 11, 1916.

ACTION in equity to quiet title to certain real estate. As to the appellants William C. Black and Mae Troutvetter, the relief prayed was that a certain mortgage on said real estate be decreed not to be a lien thereon. Plaintiff alleged that the mortgage was paid and that it was barred by the statute of limitations. To this, appellants, in answer, for the purpose of avoiding the bar of the statute, pleaded that, since about the time of the execution of the mortgage, the mortgagor had been a nonresident of the state of Iowa, and had not resided in Iowa for a period of 10 years since the execution of the mortgage. To this answer, plaintiff filed a demurrer, which was sustained. On refusal of said defendants to plead further, decree was entered against them, and they appeal.—*Affirmed.*

*John A. Hull,* for appellants.

*Goodykoontz & Mahoney,* for appellee.

PRESTON, J.—The facts as related in the petition and admitted in the answer, were: That plaintiff is the owner of the record title of Lot 1, Block 52, Boone, Iowa. On Nov.

1. LIMITATION OF ACTIONS: mortgages: twenty-year-old mortgages: nonresidence of mortgagor: effect.

5, 1890, Anna P. Sherman, the then owner of the west half of said lot, executed to James W. Black her certain mortgage thereon by its terms due Nov. 5, 1893, which mortgage was filed of record the same day. That said mortgage has not been released of record. That

James W. Black has long been deceased, and that all rights in said mortgage become the property of the appellants, William C. Black and Mae Troutvetter, the sole heirs of James W. Black. For the purposes of the demurrer, it must be admitted that the mortgage is unpaid, and the mortgagor has been a nonresident of the state since the execution thereof.

Appellants have assigned as error:

1. That the court erred in sustaining the demurrer, on the ground that the mortgage was barred, since the nonresidence of the mortgagors prevented the running of the statute.

2. That the court erred in sustaining the demurrer on the ground that the mortgage of appellants was barred under the provisions of Chapter 161, Laws of the 34th General Assembly.

1. The appellant contends that Sections 3447 to 3458, inclusive, contain the general law of the state relating to limitation of actions. In Section 3447, Code Sup., 1913, it provides at the beginning that:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared."

In the chapter on the limitation of actions, it is further provided by Section 3451, Code, 1897, that:

"The time during which a defendant is a nonresident of the state shall not be included in computing any of the periods of limitation above described."

Appellants cite the following authorities under the foregoing sections, to the point that, as long as the debt survives by reason of the nonresidence of the maker, a mortgage given to secure the debt also survives and is enforcible. *Clinton County v. Cox,* 37 Iowa 570; *Jenks v. Shaw,* 99 Iowa 604; *Shearer v. Mills,* 35 Iowa 499. And to the point that priority of a mortgage is preserved during nonresidence of a defendant, and that an admission of a debt after it is barred will restore the mortgage lien and its priority, they cite: *First*

*Nat. Bank v. Woodman*, 93 Iowa 668 ; *Kerndt v. Porterfield*, 56 Iowa 412. The reason given in some of the cases for this is that the mortgage is merely an incident to the debt, and it has been held that, where the mortgagor becomes a nonresident of the state and the statute is not complete against him, the mortgage remains enforcible against the property, even in the hands of a purchaser. *Robertson v. Stuhlmiller*, 93 Iowa 326. These cases were decided, all of them, before there was any amendment to these statutes by°the 31st, 34th and 35th general assemblies. The first amendment to the statutes of limitation, in regard to the rights of action and limitation of action for the foreclosure of mortgages, was by the Acts of the Thirty-first General Assembly, Chapter .152, when it was provided that no action shall be brought to foreclose any real estate mortgage which was executed prior to January 1, 1885, unless the same be brought within one year from the taking effect of the act. This act found its way into the Code Supplement of 1907 as Section 3447-c.

The 34th general assembly repealed that section, 3447-c, and enacted in lieu thereof Chapter 161, Laws of the Thirty-fourth General Assembly, which is as follows :

"No action shall be maintained to foreclose or enforce any real estate mortgage, bond for deed, trust deed or contract for the sale or conveyance of real estate, after twenty years from the date thereof, as shown by the record of such instrument, unless the record of such instrument shows that less than ten years have elapsed since the date of maturity of the indebtedness or part·thereof, secured thereby, or since the right of action has accrued thereon, or unless the record shows an extension of the maturity of the instrument or of the debt or a part thereof, and that *the time of such extension has not yet expired.* The date of maturity, when different than as appears by the record of the instrument, and the date of maturity of any extension of said indebtedness or part thereof, may be shown at any time prior to the expiration of the above periods of limitation by the holder of the debt or the owner

or assignee of the instrument filing an extension agreement, duly acknowledged as the original instrument was required to be acknowledged, in the office of the recorder where the instrument is recorded, or by noting on the margin of the record of such instrument in the recorder's office an extension of the maturity of the instrument or of the debt secured, or any part thereof. Each notation to be witnessed by the recorder and entered upon the index of mortgages in the name of the mortgagor and mortgagee; provided that the holder or assignee of any such instrument, or the holder of any debt or part thereof, secured by any instrument, shall have until July 4, 1912, in which to file such extension agreement or to note the marginal extension as to any instrument executed prior to the taking effect of this act and coming within the provisions hereof. This act shall in no case revive the rights or claims barred by section three thousand four hundred forty-seven-c of the supplement to the code, 1907.''

This act was slightly amended by Chapter 283 of the Laws of the Thirty-fifth General Assembly by striking out the last nine words ("the time of such extension has not yet expired") of the first sentence of the section and inserting others, so as to read, when amended:

"And that ten years from the expiration of the time of such extension have not yet expired.''

This last amendment took effect on July 4, 1913, or about two months before plaintiff's petition was filed in this action. We do not understand that counsel for either side claim anything for the change made by the 35th general assembly, because, in the instant case, there is no claim of any extension.

Plaintiff's petition was filed August 26, 1913, and it is conceded that the law of the state in regard to limitations for the foreclosure of mortgages was under the statutes before referred to, as amended and changed by the 31st and 34th general assemblies. It is argued by appellants that the law, at the time of the filing of the petition, was as stated in

Section 3447, Code of 1897, and Chapter 161 of the 34th General Assembly. Section 3447, with the different amendments, is now found as Section 3447 of the Code Supplement of 1913. Appellants rely on Section 3451, Code, 1897, which provides that the time which a defendant is a nonresident of the state shall not be included in computing any of the periods of limitation above described; and they contend that, in the several legislative acts referred to, no mention is made of a repeal of Code Section 3451, nor is reference made in any of said acts to nonresidence; but they claim that, therefore, the legislature, in substituting Chapter 161, Laws of the Thirty-fourth General Assembly, for Section 3447-c of the Code Supplement of 1907, must have intended to extend the limitation as to nonresident mortgagors, since by that act it was placed before Code Section 3451.

In the case at bar, more than 20 years had expired from the date of the mortgage, and, as appellants state, and appellee does not deny, more than 10 years from its maturity, as shown by the record of the mortgage. We are unable to find anything in the record as to when the debt secured by the mortgage matured. But appellants state that the debt and mortgage were barred, but for the fact that the mortgage debtors had been nonresidents of the state. We do not feel called upon to determine whether, as suggested by counsel for appellants, appellants could have saved their remedy by extending the debt from time to time without an agreement with the debtors. There was no extension, so far as this record shows.

And, finally, it is contended by appellants that the legislature may not pass an act which will cut off a remedy instanter; that, while it may change at will the period in which actions must be brought, it is a limitation upon their power to do so, that some reasonable time is given to the citizen in which to exercise his remedy, citing *Norris v. Tripp,* 111 Iowa 115; *Cassady v. Grimmelman,* 108 Iowa 695.

Appellee cites Code Section 3446, which provides in substance that the provisions of the Code and all proceedings

under it shall be liberally construed, with a view. to promote
its objects and assist the parties in obtaining justice.    They
also cite Section 3447-b, Code Sup., 1913, in regard to recovery
of real estate when spouse fails to join in conveyance.    But
we think that statute has little, if any, application to the
present controversy, and do not set it out.    They make the
point that a specific limitation governs a general limitation
where they are in conflict, and cite *Kenyon v. City of Cedar
Rapids*, 124 Iowa 195.    They also cite *Cushing
v. City of Winterset*, 144 Iowa 260, where it
was held that the general exception in Section
3453 of the Code in favor of minors does not
apply to extend the limitation of actions
against cities, provided in Paragraph 1, Section 3447 of the
Code.    It is, of course, true, as has been held repeatedly, that,
in construing a statute, it is important to consider the state
of the law before it was enacted and the evil it was designed
to remedy, and that it is the business of courts to so construe
an act as to suppress the mischief and advance the remedy.
And that, in arriving at the intention of the legislature, the
subject-matter, effect, consequence, and the reason and spirit
of the statute must be considered, as well as words, in inter-
preting and construing it.    The statute of limitation pertains
to the remedy only.    *Edward v. McCaddon,* 20 Iowa 520;
*Higgens v. Mendenhall,* 42 Iowa 675.

2. STATUTES:
construction:
remedial
statutes:
principles:

As stated, a mortgage is but an incident of a debt, and,
as long as the debt survives, the remedy of foreclosure of a
mortgage survives with it; at least such was the rule prior
to the changes in the statute by the 31st, 34th and 35th general
assemblies.    The result of this rule has been that a multiplicity
of actions to quiet title has been necessary, and has caused
trouble and expense to real estate owners, who, in attempting
to transfer real estate, found that, many years before, some
mortgage had been given and now appeared of record as
encumbering their property because it had not been released
of record.    In many cases it happened, as in the case at bar,

that the mortgagee is dead and the mortgagor has left the state, or his whereabouts are unknown; intermediate grantees, who might have been required to pay the mortgage to protect the title to the property, are dead, and it is impossible for anyone to know whether or not the mortgage had been paid; this placed it within the power of the holder of an ancient mortgage to subject the remote grantee of the property to trouble and expense, when the mortgage had in fact been paid, but, owing to lapse of time and the death of necessary witnesses, such fact could not be proved. Doubtless the legislature had in mind to remedy this situation in the passage of the acts above referred to. The history of the legislation has been set out.

Chapter 152 of the Acts of the Thirty-first General Assembly was not made as an amendment to the general statute of limitations, but it found its way into the Code Supplement of 1907 as an amendment thereto, and as amended is now incorporated in the Code Supplement of 1913, as a part of the chapter on limitation of actions.

3. STATUTES: construction: juxtaposition of statutes.

We think that the position of Section 3451 in the making up of the Code Supplement is not material, and that the words "above described" in Section 3451 are not controlling because it happens that 3447-c of the Supplement of 1913 appears above Section 3451. Section 3447-c is a specific statute of limitations in regard to foreclosure of real estate mortgages which, as amended, was enacted 16 years after the enactment of Section 3451. The legislature certainly had some object in passing the act now known as Section 3447-c. If this be true, what object did it have, and what could it apply to if it was intended that the limitation therein provided was subject to the general exceptions in favor of minors and insane persons under Section 3453, Code, 1897, and against nonresidents under Section 3451 of the Code? Paragraph 7 of Section 3447 of the Code provides, in substance, that action must be brought on a written contract within 10 years after the

cause of action accrues. Under that section, a mortgage was barred in 10 years from its maturity, unless the time was extended by a written promise to pay under Code Section 3456; or the general exception in favor of minors and insane persons under Code Section 3453; or the general exception against nonresidents under Code Section 3451; or the general exception in case of the death of the holder under Code Section 3454. Such being the case, there was no necessity for providing a special statute that mortgages should be barred in 10 years, unless it was intended to make that a general law, without regard to minority and without regard to the residence of mortgagor or death of the holder. Section 3447-c provides an exception where there is a new promise. So it is manifest, we think, that Section 3447-c, if it has any meaning, must apply, regardless of the minority of the holder and of the nonresidence of the mortgagor, or of the death of the holder.

We have passed upon a similar question involving one of the other exceptions to the general statute of limitations, and we think the holding in that case is pertinent to the case at bar. This is the case of *Cushing v. City of Winterset*, 144 Iowa 260. In that case Cushing brought an action to recover damages for personal injuries received by him, while a minor, on a defective street in the city. It was not brought within 3 months after the injury, and no written notice specifying the time, place and circumstances of the injury was served within 60 days, as provided in Section 3447 of the Code, Paragraph 1. A demurrer to the petition was sustained on the ground that the action was barred. The question was whether plaintiff's minority at the time of the injury entitled him, under Section 3453 of the Code (which provides, in substance, that the time limited for actions in favor of minors shall be extended one year from the termination of the disability in which to commence action), to bring his action within the time allowed under that section, notwithstanding the provisions of Section 3447, Paragraph 1. The opinion

gives the history of the provision requiring the 60-day notice. Section 3453 was not enacted as an amendment to the general statute of limitations, but was afterwards incorporated into the Code as a part of that statute. The court held in that case that Section 3453 did not have the effect of extending in favor of minors the period of limitations prescribed by Section 3447. The court said, at page 263:

"The object of the three months' limitation would be practically defeated in actions brought by minors (and also those brought by insane persons, which are governed by the same provisions) if the extension in favor of such persons was applied to the exceptional provision incorporated into Paragraph 1 of the general section. In view of the history of this legislation, we cannot believe that this was the legislative intent, nor that the language employed requires that we reach such a result," etc.

Applying the reasoning of the *Cushing* case to the instant case, it is manifest that the object of 3447-c would be defeated if Section 3451 is held to limit it.

Lastly, as to appellants' claim that the act in question cuts off their remedy instanter, it has been held that, if a remedy cut off is not the only remedy the party has, it may be cut off instanter. Thus in *Maltby v. Cooper*, 1 Morris 80, it was held that, where a party has two remedies, he cannot complain where one of these remedies is taken away, and such was the holding also in *Watts v. Everett*, 47 Iowa 269, 270. Appellee contends that appellants' remedy on their claim was not barred as against the mortgagor by Section 3447-c; that the remedy of foreclosure was taken away by that section, but they still have the right of action against the mortgagor on the indebtedness that the mortgage was given to secure if it is not barred; that the holder of a mortgage has two remedies—one an action to foreclose the mortgage, and the other an action for a personal judgment on the

4. LIMITATION OF ACTIONS: validity of statute: instant deprivation of right of action: mortgages: constitutional law.

indebtedness itself; that the bar of a remedy of foreclosure of the mortgage does not take away the right of an action on the indebtedness as against the mortgagor; and that, by analogy, we have the case of a mechanic's lien. The remedy of foreclosure of a mechanic's lien is barred within a certain time after the expiration of the time for filing the lien, but the remedy of a personal judgment against the mechanic's lien debtor is not barred until 5 years or 10 years, depending on whether the indebtedness was an oral or written contract; but it is not necessary to determine this point. The statute in question was evidently designed to make

5. LIMITATION OF ACTIONS: validity of statute: change in statute: reasonable time to avoid bar.

the record show to all whether or not any given mortgage was valid and enforcible. If appellants' remedy of foreclosure could not have been exercised between the time of the passage of Chapter 161, Acts of the Thirty-fourth General Assembly, to wit, April 11, 1911, and July 1, 1912 (a point which it is unnecessary to determine in view of the fact that they made no attempt to foreclose during that time), still it would have been competent for appellants to show, upon the margin of the record, that the mortgage in question had been extended by reason of the nonresidence of the mortgagor and was still a valid and binding obligation. Having failed so to do in the year and three months that they had for taking action, either to attempt to foreclose or to make the record show their alleged claim, and having waited nearly a year and a half thereafter and until brought into court as defendants, before asserting any claim under the mortgage, we think that they are not now in a position to urge that the statute did not give them reasonable time to act. The mortgage as it appears of record is a cloud upon appellee's title. We think that it is barred by virtue of Section 3447-c, Code Supplement, 1913. It follows, then, that the judgment of the district court was right, and it is therefore—*Affirmed.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.